In re Kenneth Edward HOPKINS and Kathleen Leona Hopkins, Debtors.

Kenneth Edward HOPKINS and Kathleen Leona Hopkins, Appellants,

v.

DEPARTMENT OF the TREASURY, INTERNAL REVENUE SERVICE, Appellee.

No. CV–N–95–154–HDM.
Bankruptcy No. BK–N–94–30224–BMG.
Adv. No. 94–3071.
Bankr. Appeal No. 95–03.

United States District Court, D. Nevada.

Nov. 9, 1995.

Kenneth Edward Hopkins, Kathleen Leona Hopkins, Sun Valley, NV, in pro. per.

Bernard J. Knight, Jr., U.S. Department of Justice, Washington, DC, for appellee.

## DECISION

McKIBBEN, District Judge.

Appellants-plaintiffs Kenneth Edward Hopkins and Kathleen Leona Hopkins ("the Hopkins") appeal the United States Bankruptcy Court's grant of summary judgment in favor of the United States with respect to liabilities set forth by the Internal Revenue Service ("IRS") in its Proof of Claim. This court has jurisdiction pursuant to 28 U.S.C. 158(a) and affirms.

## I. BACKGROUND

The Hopkins filed a Chapter 13 bankruptcy petition in February, 1994. The IRS filed with the Bankruptcy Court a Proof of Claim listing income taxes, penalties, and interest for the years 1989 through 1993. Assessments had been made against the Hopkins for income taxes, penalties, and interest for the years 1989 through 1991. The Hopkins filed tax returns for the years 1992 and 1993, after having been ordered by the Bankruptcy Court to do so, but indicated zero ($0) taxes owing and refunds due for $2,616.62 and $871.75, respectively, in federal taxes withheld. The W–2 Forms (Wage and Tax Statements) attached to both returns show that the Hopkins received wages.

On October 24, 1994, the Hopkins filed in the Bankruptcy Court an adversary complaint, which they subsequently amended. In their complaint, the Hopkins contend that they are not "taxpayers" for purposes of the Internal Revenue Code and that their wages do not constitute taxable income.

The United States moved for summary judgment in response to the Adversary Complaint, [RAP 3] and resubmitted its motion with respect to the Amended Complaint. The Hopkins filed a response, reasserting their position that no legal authority exists for finding them liable for income taxes. [RAP 6.]

On February 14, 1995, the Bankruptcy Court granted the United States summary judgment. [RAP 7.] The Court allowed in full the IRS' claims for taxes, penalties, and interest for the years 1989, 1990, and 1991, and dismissed the Hopkins' other claims for all years at issue. This appeal followed.

## II. STANDARD OF REVIEW

■ The Bankruptcy Court's grant of summary judgment is reviewed de novo. *In re Kirkland*, 915 F.2d 1236, 1238 (9th Cir. 1990).

## III. DISCUSSION

■ In support of its motion for summary judgment with respect to the IRS' claim for taxes, penalties, and interest for the years 1989, 1990, and 1991, the United States submitted as evidence Certificates of Assessments and Payments for each of the years. [*See* Declaration of Bernard J. Knight, Jr., RAP 4, Exhibits 2 & 3.] A Certificate of Assessments and Payments (Form 4340) is presumptive proof of a valid assessment. *Hughes v. United States*, 953 F.2d 531, 535 (9th Cir.1992); *United States v. Chila*, 871 F.2d 1015, 1017–18 (11th Cir.), *cert. denied*, 493 U.S. 975, 110 S.Ct. 498, 107 L.Ed.2d 501 (1989). The Certificate also is presumptive proof that proper notices were given to the taxpayer in the manner prescribed by the Internal Revenue Code and the applicable regulations. *Koff v. United States*, 3 F.3d 1297, 1298 (9th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1537, 128 L.Ed.2d 190 (1994); *Hughes*, 953 F.2d at 540.

■ Once the United States established prima facie that the assessments made against the Hopkins were proper, the burden fell on the Hopkins to demonstrate that the assessments were not properly made. *See Guthrie v. Sawyer*, 970 F.2d 733, 737–38 (10th Cir.1992); *United States v. Voorhies*, 658 F.2d 710, 715 (9th Cir.1981). To overcome the motion for summary judgment, the Hopkins needed to present specific facts that would show a genuine issue for trial. *See* Fed.R.Civ.P. 56(e) (made applicable to adversary proceedings by Bankruptcy Rule 7056); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The Record on Appeal reveals that the Hopkins produced no evidence to counter the United States' showing that the assessments made against them for the years 1989, 1990, and 1991, were proper. Therefore, the Bankruptcy Court properly granted summary judgment in favor of the United States.

■ In its summary judgment order, the Bankruptcy Court also dismissed all of the claims set forth in the Hopkins' original and amended Adversary Complaints. The Hopkins have never challenged the amount of tax liabilities asserted against them by the IRS; instead, they maintain that they are not subject to the federal income tax laws and that their wages are not taxable income. Their arguments are frivolous. *See, e.g., Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir.1990); *Maisano v. United States*, 908 F.2d 408, 409 (9th Cir.1990) (rejecting as frivolous argument that wages

earned from "an occupation of common right" are not taxable income); *United States v. Studley,* 783 F.2d 934, 937 (9th Cir.1986) (rejecting as frivolous assertion that "an absolute, freeborn and natural individual" is not a "taxpayer" and holding that an individual is a "person" subject to taxation under Internal Revenue Code); *Pursell v. United States,* 1995 WL 273175, at \* 5, n. 9 (E.D.Cal.1995) ("contentions that federal income statutes apply only to alcohol, tobacco, and firearm taxes [are] equally specious").

 In addition, the Hopkins contend they did not receive proper notice of the IRS' intent to levy their wages.[1] (Response to Motion for Summary Judgment at 2, ¶ 6; Appellants' Opening Brief at 5.) However, the Hopkins do not deny receiving Fourth Delinquency Notices encaptioned "Notice of Intent to Levy"; in fact, they attach a copy of one as an exhibit to their reply brief. Instead, their due process argument rests on the assertion that the notice they received "is a computer generated sheet with no signature therefore not qualifying as a 'notice.'" (Appellants' Reply Brief at 8, n. 1.) This argument is unpersuasive: neither 26 U.S.C. § 6331(d) nor 26 C.F.R. § 301.6331–2(a)(1) require that a notice of intent to levy include the signature of an IRS official. *Cf.* 26 C.F.R. § 301.6203–1 ("The assessment shall be made by an assessment officer signing the summary record of assessment.") The Hopkins have not provided any specific facts that would show a genuine issue for trial regarding possible procedural due process deficiencies in the IRS notices they received. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

## IV. CONCLUSION

For the foregoing reasons, the Bankruptcy Court's grant of summary judgment in favor of the United States is AFFIRMED.

---

1. The Internal Revenue Code and Treasury regulations require the IRS to give at least 30 days notice, in writing, of its intent to levy; notice may be given in person, left at the taxpayer's dwelling or usual place of business, or sent by registered or certified mail. 26 U.S.C. § 6331(d); 26 C.F.R. § 301.6331–2(a)(1).