**Paul P. LEMIEUX and Catherine S. Lemieux, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 02–0274–RLH (PAL).**

United States District Court, D. Nevada.

Sept. 12, 2002.

Paul P. Lemieux, Las Vegas, NV, pro se.

Catherine S. Lemieux, Las Vegas, NV, pro se.

Daniel Bogden, Las Vegas, NV, John B. Snyder, III, Trial Atty., Washington, DC, for U.S.

**ORDER**

HUNT, District Judge.

(Motion for Summary Judgment #4)

Before the Court is Defendant's **Motion for Summary Judgment (# 4)**, filed June 28, 2002. The Court has also considered Plaintiff's Opposition (# 6) filed July 11, 2002, Defendant's Reply (# 8) filed June

26, 2002, and Plaintiff's Complaint (# 1) filed February 28, 2002.

## BACKGROUND

Plaintiffs ask this court to 1) "invalidate" two collection due process determinations made by the IRS against them and 2) order reimbursement by Defendant of Plaintiff's costs associated with bringing this action.

Following a pattern of behavior the Court has yet to understand, Plaintiffs filed Form 1040, U.S. Individual Income Tax Return, for the 1997 and 1998 tax years. Although the included Forms W-2 showed income received by the Plaintiffs, both Returns contained zeroes on all lines reflecting income earned or taxes due and had attached statements outlining reasons for their belief that they had no income to report and did not, therefore, owe federal income tax.

Pursuant to Section 6702, the IRS assessed two $500 civil penalties on Plaintiffs for filing the stated returns. Section 6702 assesses a $500 civil penalty if an individual "files what purports to be a return" but which contains "information that on its face indicates that the self-assessment is substantially incorrect" and is due to "a position which is frivolous."

The IRS posted a Notice of Federal Tax Lien for unpaid civil penalties pursuant to Internal Revenue Code §§ 6321, 6322, and 6323 and informed Plaintiff of the lien by mail.[1] Plaintiffs then requested from defendant a collection due process hearing regarding the frivolous return penalties and collection alternatives which was held on November 7, 2001, a transcript of which is attached to Plaintiffs' Complaint (# 1).

Finally, in separate letters dated January 24, 2001 and January 31, 2002, the IRS sent Plaintiffs a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (Notice of Determination) informing Plaintiff that the proposed levy to collect the frivolous return penalty would not be restricted. Attached to the Notice of Determination was Attachment 3194 explaining that the decision was based on the determination that the IRS fully complied with all applicable laws, regulations, and administrative procedures. The Notice of Determination also informed Plaintiff that any dispute of the determination could be made within 30 days in the appropriate United States District Court. Plaintiff timely filed with this Court and Defendant now moves for summary judgment.

## DISCUSSION

### I. Summary Judgment Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper only "where the record before the court on the motion reveals the absence of any material issue of fact and [where] the moving party is entitled to judgment as a matter of law." *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir.1982) (quoting *Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F.2d 641, 645 (9th Cir.1981)), *cert. denied*, 460 U.S. 1085, 103 S.Ct. 1777, 76 L.Ed.2d 349 (1983). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing version of the truth." *Sec. & Exch. Comm'n v. Seaboard Corp.*, 677 F.2d 1289, 1293 (9th Cir.1982) (citation omitted).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view all facts and draw all inferences in the light most favorable to the responding party. *See Adickes v. S.H.*

---

1. Compl. (# 1), Exhibit F.

*Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). *See also Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir.1982), *cert. denied*, 460 U.S. 1085, 103 S.Ct. 1777, 76 L.Ed.2d 349 (1983). Once this burden has been met, "[t]he opposing party must then present specific facts demonstrating that there is a factual dispute about a material issue." *Zoslaw*, 693 F.2d at 883 (citation and internal quotes omitted).

## II. Analysis

■ Plaintiff first asks that the collection due process determination made against him by the IRS be declared invalid. Since the Tax Court does not have jurisdiction to consider frivolous return penalties, *See Van Es v. Commissioner*, 115 T.C. 324, 2000 WL 1520321 (2000), the matter is appropriately before this court. 26 U.S.C. § 6320(c), 6330(d)(1)(B).

26 U.S.C. § 6702 assigns liability in the amount of five hundred dollars ($500) to a person filing a frivolous tax return. The Secretary of the Treasury or his delegate, such as the IRS,[2] assesses this penalty in the same manner as a tax, and any reference to a "tax" in Title 26 also includes this penalty. 26 U.S.C. § 6671. Section 6201 of the Code authorizes the Secretary to make any necessary tax assessments. In the case of a frivolous return penalty, the deficiency procedures of Title 26, Chapter 63, subchapter B, do not apply. 26 U.S.C. § 6703(b). The failure to pay the penalty results in a lien on the person's property. 26 U.S.C. § 6321. To ensure the validity of the lien, the Secretary files the lien with, in this case, the Clark County Recorder, 26 U.S.C. § 6323(f)(1)(A), and sends a notice of filing of the lien to the person, 26 U.S.C. § 6320(a). The Secretary must also inform the person of his right to a hearing at the same time. 26 U.S.C. § 6320(a)(3)(B). For the purposes of this Order, the procedures of the collection due process hearing, 26 U.S.C. § 6330(c), apply to the lien hearing, 26 U.S.C. § 6320(c). If the person requests a hearing, the hearing officer must "obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met." 26 U.S.C. § 6330(c)(1). At the hearing, the person may also raise any relevant issue, including spousal defenses, the appropriateness of the collection action, and any collection alternatives. 26 U.S.C. § 6330(c)(2)(A). The person "may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." 26 U.S.C. § 6330(c)(2)(B).

The "underlying tax liability" in this case is the frivolous return penalty. *See* 26 U.S.C. § 6671; *see also* 26 C.F.R. 301.6321–1. Plaintiffs properly challenged the validity of the frivolous return penalties at the collection due process hearing because the statutory deficiency procedures do not apply to frivolous return penalties, 26 U.S.C. § 6703(b), and thus Plaintiffs had no prior opportunity to dispute the penalties. The tax returns that Plaintiffs filed for 1997 and 1998 are relevant because they determine whether assessment of the frivolous return penalty was proper.

---

**2.** The Court will use the collective term "Secretary" to refer to the Secretary of the Treasury and any delegates. *See* 26 U.S.C. § 7701(a)(11)(B). The Secretary of the Treasury may delegate much of his authority and responsibilities to others by prescribing rules and regulations, among other methods. 26 U.S.C. § 7805(a); *see also* 26 C.F.R. §§ 301.7701–9, 301.7701–10.

Section 6330(d) is silent on the standard that the Court should use to review the determination of the collection hearing. However, the legislative history indicates that if the validity of the underlying tax liability was properly at issue, then review is *de novo*. H. Conf. Rep. 105–599 (1998), U.S. Code Cong. & Admin. News 288; *see also Dogwood Forest Rest Home, Inc. v. United States*, 181 F.Supp.2d 554, 559 (M.D.N.C.2001); *MRCA Info. Servs. v. United States*, 145 F.Supp.2d 194, 198–99 (D.Conn.2000); *Sego v. Commissioner*, 114 T.C. 604, 610, 2000 WL 889754 (2000). The Court will use that standard of review.

■ There is no doubt as to the validity of the penalty. Plaintiffs submitted Form 1040 for 1997 and 1998 with zeros in the income section and Forms W–2 showing income considerably more than zero. Motion (# 4), Exhibits A and B. They also attached an already too familiar, boilerplate explanation of how no provisions of the Internal Revenue code make them liable for the income tax, how their wages are not income, and other matters. Wages are income, 26 U.S.C. § 61, upon which Plaintiffs owe a tax, 26 U.S.C. § 1, and courts—including this one—have found arguments to the contrary to be tired and frivolous long before Plaintiffs filed the tax returns at issue. *See*, e.g., *Sisemore v. United States*, 797 F.2d 268, 270 (6th Cir. 1986); *Coleman v. Commissioner*, 791 F.2d 68, 70 (7th Cir.1986); *Sullivan v. United States*, 788 F.2d 813, 815 (1st Cir. 1986); *Olson v. United States*, 760 F.2d 1003, 1005 (9th Cir.1985); *In re Hopkins*, 192 B.R. 760, 762–63 (D.Nev.1995); and other cases too numerous to cite. On its face, Plaintiffs' tax returns were substantially incorrect and frivolous, thus making Plaintiffs liable for the frivolous return penalty. 26 U.S.C. § 6702. The assess-

ments of the frivolous return penalties are valid.

■ No genuine issue of material fact exists over the verification of all legal and administrative requirements. Plaintiffs state that the "Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC § 6320," Compl. (# 1) Exhibit F–2, was erroneously sent by the Compliance Technical Support Manager, but the Compliance Technical Support Manager is an official with the authority to send such a notice. *See* D.O. No. 196, 1982–2 C.B. 748 (1982). The Secretary of the Treasury delegated to the local Internal Revenue Service office collecting the penalty the responsibility of providing the verification to the hearing officer. 26 C.F.R. § 301.6320–1(e)(1).[3] The hearing officer relied on computerized printouts, Plaintiffs' Complaint (# 1) Exhibits L and M, for such verification.

Courts have regularly ruled that such reliance on IRS Form 4340 is sufficient for the purpose of complying with section 6330(c)(1). *See Huff v. United States*, 10 F.3d 1440, 1446–47 (9th Cir.1993), *cert. denied*, 512 U.S. 1219, 114 S.Ct. 2706, 129 L.Ed.2d 834 (1994); *Hughes v. United States*, 953 F.2d 531, 538–40 (9th Cir.1992); *see also Davis v. Commissioner*, 115 T.C. 35, 41, 2000 WL 1048515 (2000). But, the Forms to which Defendant directs the Court's attention do not appear to be Forms 4340 or to show that the frivolous return penalty had been assessed, that notices had been mailed to Plaintiff, and that Plaintiff had requested a hearing. And the Court urges Defendant in future actions of similar ilk to include easily identifiable and relevant Forms 4340 instead of merely referring to unidentifiable computer printouts.

---

**3.** Plaintiff's repeated insistence that he see documents signed by the Secretary of the Treasury, or by a person with a delegation order signed by the Secretary of the Treasury, Compl. (# 1), Exhibit C, is frivolous.

■ However, because, as noted above, the tax returns are clearly frivolous, and, based on the exhibits included in Plaintiffs' complaint, the hearing officer was presumably able to verify assessment of the frivolous return penalty, that notices had been mailed to Plaintiff, and that Plaintiff had requested a hearing, the Court finds that the hearing officer did not err in his verification that the requirements of any applicable law and administrative procedures had been met. Therefore, the collection due process determination is valid.

Without declaring defendant's collection due process determination invalid, the Court has no reason to reach Plaintiff's requests for costs.

## CONCLUSION

**Accordingly, and for good cause appearing,**

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (# 4) is GRANTED.