**Geoffrey K.J. YUEN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CV–S–03–0053–RLH.**

United States District Court, D. Nevada.

Aug. 6, 2003.

Geoffrey K.J. Yuen, Las Vegas, NV, for Plaintiff.

Daniel Bogden, U.S. Attorney's Office, Las Vegas, NV, Richard Latterell, U.S. DOJ–Tax Division, Washington, DC, for Defendant.

## ORDER

HUNT, District Judge.

Before the Court is Defendant's **Motion to Dismiss and for Summary Judgment** (# 5/6), filed June 18, 2003. The Court has also considered Plaintiff's Opposition

(# 10), filed July 17, 2003 and Defendant's Reply (# 11), filed July 28, 2003.

## BACKGROUND

Plaintiff asks this court to grant three requests: 1) To order the government to abate all alleged taxes and penalties at issue; 2) To "invalidate" a collection due process determination made by the IRS against him; and 3) To order reimbursement of Plaintiff's costs associated with bringing this action.

Following a pattern of behavior the Court has yet to understand, Plaintiff filed Form 1040, U.S. Individual Income Tax Return, for the 1996–2000 tax years containing zeroes on all lines reflecting income earned or taxes due with statements attached outlining his reasons believing he had no income to report and did not, therefore, owe federal income tax. Plaintiff also filed amended tax returns for the 1994–95 tax years on the frivolous grounds that, due to "ignorance", he reported income for the 1994–95 tax years when he had no "statutory income tax liability."

Subsequently, the IRS issued statutory notices of balance due regarding Plaintiff's income tax liabilities for tax years 1996–1998. Pursuant to Section 6702, the IRS assessed $500 civil penalties on Plaintiff for filing each of the stated returns. Section 6702 assesses a $500 civil penalty, per filing, if an individual "files what purports to be a return" but which contains "information that on its face indicates that the self-assessment is substantially incorrect" and is due to "a position which is frivolous."

The IRS posted a Notice of Federal Tax Lien for unpaid civil penalties and income tax liability pursuant to Internal Revenue Code §§ 6321, 6322, and 6323 and informed Plaintiff of the lien by certified mail on July 5, 2002. Plaintiff then requested from Defendant a collection due process hearing regarding the frivolous re-

turn penalties and collection alternatives. The collection due process hearing was held on December 4, 2002.

Finally, on December 17, 2002, the IRS sent Plaintiff a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (Notice of Determination) informing Plaintiff that the proposed levy to collect the frivolous return penalties and the underlying income tax liability would not be restricted. Attached to the Notice of Determination was a memorandum explaining that the appeals officer's decision was based on the determination that the IRS fully complied with all applicable laws, regulations, and administrative procedures. The Notice of Determination also informed Plaintiff that any dispute of the determination could be made within 30 days in the appropriate United States District Court. Plaintiff timely filed with this Court and Defendant now moves for dismissal and summary judgment.

## DISCUSSION

### I. Motion to Dismiss for Lack of Subject Matter Jurisdiction

█ A portion of Plaintiff's complaint seeks judicial review of a Notice of Determination upholding the IRS's collection activity for Plaintiff's underlying income tax liabilities. However, jurisdiction over such a review lies with the United States Tax Court, not this Court. 26 U.S.C. § 6330(d)(1). To the extent that Plaintiff's claim involves a review of the amount of income tax liability incurred during the 1996–98 tax years, this Court must dismiss such claims for lack of subject matter jurisdiction. *See Krugman v. Commissioner,* 112 T.C. 230, 1999 WL 249029 (1999).

### II. Summary Judgment Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judg-

ment is proper only "where the record before the court on the motion reveals the absence of any material issue of fact and [where] the moving party is entitled to judgment as a matter of law." *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir.1982) (quoting *Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F.2d 641, 645 (9th Cir.1981)), *cert. denied*, 460 U.S. 1085, 103 S.Ct. 1777 (1983). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing version of the truth." *Sec. & Exch. Comm'n v. Seaboard Corp.*, 677 F.2d 1289, 1293 (9th Cir.1982) (citation omitted).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view all facts and draw all inferences in the light most favorable to the responding party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). *See also Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir.1982), *cert. denied*, 460 U.S. 1085, 103 S.Ct. 1777, 76 L.Ed.2d 349 (1983). Once this burden has been met, "[t]he opposing party must then present specific facts demonstrating that there is a factual dispute about a material issue." *Zoslaw*, 693 F.2d at 883 (citation and internal quotes omitted).

## A. Analysis

■ Plaintiff first asks that the collection due process determination made against him be declared invalid. Since the Tax Court does not have jurisdiction to consider frivolous return penalties, *See Van Es v. Commissioner*, 115 T.C. 324, 2000 WL 1520321 (2000), the matter is

appropriately before this court. 26 U.S.C. §§ 6320(c), 6330(d)(1)(B).

26 U.S.C. § 6702 assigns liability in the amount of five hundred dollars ($500) to a person filing a frivolous tax return. The Secretary of the Treasury or his delegate, such as the IRS,[1] assesses this penalty in the same manner as a tax, and any reference to a "tax" in Title 26 also includes this penalty. 26 U.S.C. § 6671. Section 6201 of the Code authorizes the Secretary to make any necessary tax assessments. In the case of a frivolous return penalty, the deficiency procedures of Title 26, Chapter 63, subchapter B, do not apply. 26 U.S.C. § 6703(b). The failure to pay the penalty results in a lien on the person's property. 26 U.S.C. § 6321. To ensure the validity of the lien, the Secretary files the lien with, in this case, the Clark County Recorder, 26 U.S.C. § 6323(f)(1)(A), and sends a notice of filing of the lien to the person, 26 U.S.C. § 6320(a). The Secretary must also inform the person of his right to a hearing at the same time. 26 U.S.C. § 6320(a)(3)(B). For the purposes of this Order, the procedures of the collection due process hearing, 26 U.S.C. § 6330(c), apply to the lien hearing, 26 U.S.C. § 6320(c). If the person requests a hearing, the hearing officer must "obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met." 26 U.S.C. § 6330(c)(1). At the hearing, the person may also raise any relevant issue, including spousal defenses, the appropriateness of the collection action, and any collection alternatives. 26 U.S.C. § 6330(c)(2)(A). The person "may also raise at the hearing challenges to the existence or amount of the underlying tax

---

1. The Court will use the collective term "Secretary" to refer to the Secretary of the Treasury and any delegates. *See* 26 U.S.C. § 7701(a)(11)(B). The Secretary of the Treasury may delegate much of his authority and responsibilities to others by prescribing rules and regulations, among other methods. 26 U.S.C. § 7805(a); *see also* 26 C.F.R. §§ 301.7701–9, 301.7701–10.

liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." 26 U.S.C. § 6330(c)(2)(B).

■ The "underlying tax liability" in this case are the frivolous return penalties. *See* 26 U.S.C. § 6671; *see also* 26 C.F.R. 301.6321–1. Plaintiff properly challenged the validity of the frivolous return penalties at the collection due process hearing because the statutory deficiency procedures do not apply to frivolous return penalties, 26 U.S.C. § 6703(b), and thus Plaintiff had no prior opportunity to dispute the penalties. The validity of the income taxes that Plaintiff owes for 1996–2000 tax years is not at issue in this action. On the other hand, the tax returns that Plaintiff filed are relevant because they determine whether assessment of the frivolous return penalties were proper.

■ Section 6330(d) is silent on the standard that the Court should use to review the determination of the collection hearing. However, the legislative history indicates that if the validity of the underlying tax liability was properly at issue, then review is *de novo*. H. Conf. Rep. 105–599 (1998); *see also Dogwood Forest Rest Home, Inc. v. United States*, 181 F.Supp.2d 554, 559 (M.D.N.C.2001); *MRCA Info. Services v. United States*, 145 F.Supp.2d 194, 198–99 (D.Conn.2000); *Sego v. Commissioner*, 114 T.C. 604, 610, 2000 WL 889754 (2000). The Court will use that standard of review.

■ There is no doubt as to the validity of the penalties. Plaintiff submitted Form 1040 for the 1996–2000 tax years with zeros in the income section. Motion for Summary Judgment (# 6), Exhibits A–F. He also attached explanations professing that no provisions of the Internal Revenue code make him liable for the income tax, his wages are not income, and other related claims. Wages are income, 26 U.S.C. § 61, upon which Plaintiff owes a tax, 26 U.S.C. § 1, and courts—including this one—have found arguments to the contrary to be tired and frivolous long before Plaintiff filed the tax returns at issue. *See, e.g., Sisemore v. United States*, 797 F.2d 268, 270 (6th Cir.1986); *Coleman v. Commissioner*, 791 F.2d 68, 70 (7th Cir.1986); *Sullivan v. United States*, 788 F.2d 813, 815 (1st Cir.1986); *Olson v. United States*, 760 F.2d 1003, 1005 (9th Cir.1985); *In re Hopkins*, 192 B.R. 760, 762–63 (D.Nev.1995); and other cases too numerous to cite. On its face, Plaintiff's tax returns were substantially incorrect and frivolous, thus making Plaintiff liable for the frivolous return penalties. 26 U.S.C. § 6702. The assessments of the frivolous return penalties are valid. Accordingly, summary judgment with respect to this claim is proper.

No genuine issue of material fact exists over the legality of the collection due process hearing. Plaintiff states that his collection due process hearing was unlawful because 1) the appeals officer did not provide him with documents signed by the Secretary of Treasury delegating the authority to provide Plaintiff with lien and levy notices; 2) the appeals officer did not provide verification from the Secretary that all legal and administrative requirements have been met; 3) the appeals officer did not consider collection alternatives; and 4) the Plaintiff was prohibited from making an audio recording of the collection due process hearing.

The Secretary of the Treasury delegated to the local Internal Revenue Service office collecting the penalties the responsibility of providing the required verification to the hearing officer. 26 C.F.R. § 301.6320–1(e)(1). Plaintiff's repeated insistence that he see documents signed by the Secretary of the Treasury, or by a person with a

delegation order signed by the Secretary of the Treasury is frivolous. It is well-settled that, unless an order or directive prevents delegation, a local IRS office may delegate the responsibility of providing verification without signed documents by the Secretary. *See Nestor v. Commissioner,* 118 T.C. 162, 167, 2002 WL 236682 (2002); *Guerier v. Commissioner,* 2002 WL 15567, 83 T.C.M. (CCH) 1047 (2002); *Hughes v. United States,* 953 F.2d 531, 536 (9th Cir.1991). Accordingly, summary judgment with respect to this claim is proper.

■ Plaintiff claims that the hearing officer failed to provide verification from the Secretary that all legal and administrative requirements have been met, and instead relied on Forms 4340 for such verification. These claims, even if proven, do not raise a "genuine question of material fact." An appeals officer is not required to rely on any particular document for purposes of verification that "all legal and administrative requirements have been met." *Nestor,* 2002 WL 236682, 118 T.C. at 167. Furthermore, an appeals officer is not required to "give the taxpayer a copy of verification that the requirements of any applicable law or administrative procedure have been met." *Id.* 2002 WL 236682, 118 T.C. at 167. Absent evidence that the IRS failed to comply with "applicable law or administrative procedures," Forms 4340 constitute presumptive proof of a valid assessment. *See Huff v. United States,* 10 F.3d 1440, 1446–47 (9th Cir.1993), *cert. denied,* 512 U.S. 1219, 114 S.Ct. 2706, 129 L.Ed.2d 834 (1994); *Hughes v. United States,* 953 F.2d 531, 538–40 (9th Cir.1992); *see also Davis v. Commissioner,* 115 T.C. 35, 41, 2000 WL 1048515 (2000). The Forms 4340 show that the frivolous return penalties had been assessed, that notices had been mailed to Plaintiff, and that Plaintiff had requested a hearing. Because, as noted above, the tax returns are clearly frivolous, the hearing officer did not err in his verification that the requirements of any applicable law and administrative procedures had been met. Accordingly, summary judgment with respect to this claim is proper.

■ Plaintiff further argues that his collective due process hearing was unlawful because the appeals officer failed to consider collection alternatives. The appeals officer states, in his Notice of Determination, that he raised collection alternatives, but the Plaintiff was uninterested. See Complaint (# 1), Exhibits A–15, A–10. Plaintiff, in his complaint, admits that he responded to questions relating to collection alternatives with demands to see statutory authority to demand the payment of income tax. Complaint (# 1), Allegation VI. The Court finds that the appeals officer's attempt to raise collection alternatives were sufficient and refuted by Plaintiff's frivolous "statutory liability" arguments. Accordingly, summary judgment with respect to this claim is proper.

■ Plaintiff further request that this Court invalidate the collection due process hearing on the grounds that Plaintiff was prohibited from making an audio recording of the hearing. Plaintiff alleges that such action is in violation of 26 U.S.C. § 7521(a)(1), which allows a taxpayer to make an audio recording "in connection with any in-person interview . . . relating to the determination or collection of any tax." However, as Defendant points out, the legislative history of § 7521 indicates that the right to an audio recording refers only to compulsory hearings initiated by the IRS. *See* Conf. Rep. No. 1104, 100th Cong., 2d Sess. 213, vol. 2 (1988). A collection due process hearing is not compulsory and is initiated, as it was in this case, by the Plaintiff. A 9th Circuit District Court has held that "the collection due process hearings are supposed to be informal and there is no requirement that the

hearings be recorded." *Rennie v. Internal Revenue Service*, 216 F.Supp.2d 1078, 1079 n. 1(E.D.Cal.2002). Although the United States Tax Court has held that a taxpayer has a right to record a collection due process hearing, the holding was limited to cases in which the taxpayer's arguments were not found frivolous. *Brashear v. Commissioner*, 2003 WL 21540439 (2003). As Plaintiff's arguments in this case are frivolous under well-settled law, he has no right to record his collection due process hearing. Accordingly, summary judgment with respect to this claim is proper.

Without declaring defendant's collection due process determination invalid, the Court has no reason to reach Plaintiff's requests for costs.

### CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss and for Summary Judgment (# 5/6) is GRANTED.