130 T.C. No. 3

UNITED STATES TAX COURT

DUDLEY JOSEPH CALLAHAN AND MYRNA DUPUY CALLAHAN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5701-07L.               Filed February 5, 2008.

　　　　For 2003, Ps submitted Form 1040, U.S. Individual
Income Tax Return, and Form 843, Claim for Refund and
Request for Abatement, to R.  R assessed a frivolous
return penalty under sec. 6702, I.R.C., on account of
both Ps' 2003 Form 1040 and their 2003 Form 843.  After
receiving a final notice of intent to levy, Ps
requested a hearing under sec. 6330, I.R.C.  During
their hearing Ps challenged the assessment of the
penalties.  R's Appeals officer issued a notice of
determination denying relief from the penalties.

　　　　Held:  Under sec. 6330(d)(1), I.R.C., as amended
by the Pension Protection Act of 2006, Pub. L. 109-280,
sec. 855, 120 Stat. 1019, we have jurisdiction to
review R's notice of determination when the underlying
tax liability consists of frivolous return penalties.

　　　　Held, further:  Ps may challenge their underlying
tax liability, i.e., the frivolous return penalties,
before this Court.

        *Held, further*:  R has failed to carry his burden
of proving that he is entitled to summary judgment.


Dudley Joseph Callahan and Myrna Dupuy Callahan, pro sese.

Scott T. Welch, for respondent.


                              OPINION


        HAINES, *Judge*:    This case is before the Court on

respondent's motion for summary judgment filed pursuant to Rule

121.[1]  The issues for decision are:

        (1) Whether we have jurisdiction to review respondent's

determination issued under section 6330 when the underlying tax

liability consists of frivolous return penalties.  We hold that

we do;

        (2) whether in reviewing respondent's determination under

section 6330, we may consider petitioners' challenges to two

section 6702 frivolous return penalties.  We hold that we may;

        (3) whether respondent is entitled to summary judgment.  We

hold that he is not.

---

        [1]Unless otherwise indicated section references are to the
Internal Revenue Code in effect at the time the petition was
filed.  Rule references are to the Tax Court Rules of Practice
and Procedure.  Amounts are rounded to the nearest dollar.

Background

Petitioners Dudley Joseph Callahan and Myrna Dupuy Callahan (husband and wife) resided in Plaquemine, Louisiana, at the time the petition was filed.

On October 13, 2004, petitioners filed a Form 843, Claim for Refund and Request for Abatement, with the Internal Revenue Service (IRS) seeking "Every penny you collected from us, plus interest" for 2003. Petitioners also claimed a refund of penalties along with millions of dollars in damages plus interest attributable to respondent's alleged violations of the law, violations of their "civil rights and inhumane harassment", as protected by "Congress' Taxpayer's Bill of Rights, III".

On October 19, 2004, petitioners filed with the IRS a joint Form 1040, U.S. Individual Income Tax Return, for 2003. The return reported adjusted gross income of $71,363, tax due of $6,016, Federal income tax withheld of $13,813, and additional payments of $9,600. Petitioners wrote in the margin that the payments, totaling $23,413, are "Illegal Garnishments". Petitioners included petitioner husband's pay stubs showing a $9,600 levy from his wages.[2] Petitioners claimed a refund of $17,352.

---

[2]Petitioners did not include on the Form 1040 the year or years to which the garnishments relate. Furthermore, neither respondent's motion for summary judgment nor petitioners' response states the year or years to which the garnishments relate.

On September 19 and 26, 2005, respondent, on the basis of their Form 1040 and Form 843, assessed two $500 penalties against petitioners for filing a frivolous income tax return for 2003. On April 24, 2006, respondent sent petitioner husband a Final Notice of Intent to Levy and Notice of Your Right to a Hearing. On May 11, 2006, petitioners timely submitted to respondent a Form 12153, Request for a Collection Due Process Hearing, for taxable years 1979 through 2003. Petitioners attached a four-page letter to the request. Respondent treated the request as a request for a hearing for 2003, the only year addressed by the final notice of intent to levy.

In their request petitioners made numerous arguments including that the period of limitations on collection for 2003 had expired, respondent illegally offset their income tax refunds against the unfair frivolous return penalties, and the frivolous return penalties are unreasonable.

On August 17, 2006, respondent's Appeals officer sent each petitioner a letter offering to discuss their case by telephone and inviting them to send correspondence with respect to the issues of their appeal. On August 22 and November 1, 2006, petitioners sent letters to the Appeals officer raising various arguments, most of which are unrelated to the frivolous return penalties and include various allegations of illegality and impropriety by respondent. With respect to the frivolous return

penalties, petitioners allege that they were improperly charged with two penalties for 2003 and that the penalties are unreasonable.

On February 6, 2007, respondent issued petitioners a notice of determination, denying petitioners relief from the penalties. Petitioners timely filed a petition with this Court. On November 8, 2007, respondent filed a motion for entry of order that undenied allegations in the answer be deemed admitted as provided in Rule 37(c). On December 10, 2007, we granted respondent's motion. Therefore, petitioners are deemed to have admitted that the frivolous return penalties for 2003 were timely assessed before the expiration of the 3-year period for assessment applicable under section 6501(a).

### Discussion

A.   Summary Judgment

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988). The moving party bears the burden of proving that there is no genuine issue of material fact. Dahlstrom v.

Commissioner, 85 T.C. 812, 821 (1985); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  The Court will view any factual material and inferences in the light most favorable to the nonmoving party.  Dahlstrom v. Commissioner, supra at 821; Naftel v. Commissioner, supra at 529.

B.    Our Jurisdiction Under Section 6330

Before the Commissioner may levy on any property or property right, the taxpayer must be provided written notice of the right to request a hearing during the 30-day period before the first levy.  Sec. 6330(a).  If the taxpayer requests a hearing, an Appeals officer of the Commissioner must hold the hearing.  Sec. 6330(b)(1).  Within 30 days of the issuance of the Appeals officer's determination, the taxpayer may seek judicial review of the determination.  Sec. 6330(d)(1).

On August 17, 2006, the Pension Protection Act of 2006 (the PPA), Pub. L. 109-280, 120 Stat. 780, was enacted.  PPA sec. 855(a), 120 Stat. 1019, amended section 6330(d)(1), which provides our jurisdiction to review notices of determination issued pursuant to section 6330.  Before the passage of the PPA, section 6330(d)(1) provided:

> SEC. 6330(d). Proceeding After Hearing.--
>
>     (1) Judicial review of determination.--The person may, within 30 days of a determination under this section, appeal such determination--

(A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or

(B) if the Tax Court does not have jurisdiction of the <u>underlying tax liability</u>, to a district court of the United States. [Emphasis added.]

Under that version of section 6330(d)(1) we held that we lack jurisdiction to review a notice of determination when the underlying tax liability consists solely of frivolous return penalties under section 6702.[3] <u>Johnson v. Commissioner</u>, 117 T.C. 204, 208 (2001); <u>Van Es v. Commissioner</u>, 115 T.C. 324, 329 (2000); <u>Dunbar v. Commissioner</u>, T.C. Memo. 2006-184 (dismissing the portion of the petition related to frivolous return penalties for lack of jurisdiction, but not the portion related to income tax); <u>Henderson v. Commissioner</u>, T.C. Memo. 2004-36. But see <u>Wagenknecht v. United States</u>, 509 F.3d 729 (6th Cir. 2007) (holding when the underlying tax liability consists of income tax as well as section 6702 penalties, only the Tax Court has jurisdiction to hear the entire appeal).

As we did not have jurisdiction to redetermine frivolous return penalties assessed pursuant to section 6702, see sec. 6703(b) and (c), we lacked jurisdiction to hear a challenge to

---

[3]The frivolous return penalty is in addition to any other penalty provided by law. Sec. 6702(b). It is assessed without a notice of deficiency first being sent to the taxpayer, thus generally depriving this Court of jurisdiction over the penalty. Sec. 6703(b).

collection of the outstanding amounts for the frivolous return penalties and related interest, Van Es v. Commissioner, supra at 328-329; Henderson v. Commissioner, supra; see also Yuen v. United States, 290 F. Supp. 2d 1220, 1223 (D. Nev. 2003) (holding that the U.S. District Court had jurisdiction to consider a frivolous return penalty issue in the context of a section 6330 hearing); Loofbourrow v. Commissioner, 208 F. Supp. 2d 698, 706 (S.D. Tex. 2002) (appeal lies to the District Court where frivolous return penalty was challenged at a section 6330 hearing). We interpreted section 6330(d)(1)(A) and (B) as not expanding the Court's jurisdiction beyond the types of taxes over which the Court has jurisdiction. Serv. Employees Intl. Union v. Commissioner, 125 T.C. 63, 67 (2005); Moore v. Commissioner, 114 T.C. 171 (2000).

However, the PPA amended section 6330(d)(1), expanding this Court's jurisdiction to include review of the Commissioner's collection activity regardless of the type of underlying tax involved.[4] Perkins v. Commissioner, 129 T.C. 58, 63 n.7 (2007). Section 6330(d)(1) now provides:

SEC. 6330(d). Proceeding After Hearing.--

(1) Judicial review of determination.--The person may, within 30 days of a determination under this

---

[4]The amendment to sec. 6330(d)(1) is effective only for determinations made after Oct. 16, 2006. Pension Protection Act of 2006, Pub. L. 109-280, sec. 855(b), 120 Stat. 1019.

section, appeal such determination to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter).

The Staff of the Joint Committee on Taxation, General Explanation of Tax Legislation Enacted in the 109th Congress (JCS-1-07), at 507 (J. Comm. Print 2007), explains the amendment to section 6330(d)(1): "The provision modifies the jurisdiction of the Tax Court by providing that all appeals of collection due process determinations are to be made to the United States Tax Court." We, therefore, have jurisdiction to review a notice of determination issued under section 6330 where the underlying tax liability consists of frivolous return penalties.

C.   Matters Considered at Hearing

Section 6330(c) prescribes the matters that a person may raise at the hearing. Section 6330(c)(2)(A) provides that a person may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. See Montgomery v. Commissioner, 122 T.C. 1, 5 (2004); Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 181-183 (2000). In addition, section 6330(c)(2)(B) establishes the circumstances under which a person may challenge the existence or amount of the underlying tax liability. Section 6330(c)(2)(B) provides:

(2)  Issues at hearing.--

       *      *      *      *      *      *      *

(B) Underlying liability.-- The person may also raise at the hearing challenges to the existence or amount of the <u>underlying tax liability</u> for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.  [Emphasis added.]

We have interpreted the phrase "underlying tax liability" as including any amounts a taxpayer owes pursuant to the tax laws that are the subject of the Commissioner's collection activities. <u>Katz v. Commissioner</u>, 115 T.C. 329, 338-339 (2000); <u>Van Es v. Commissioner</u>, <u>supra</u>.  In <u>Van Es</u>, we determined that the "underlying tax liability" was the frivolous return penalties. <u>Id.</u> at 328; see also <u>Wagenknecht v. United States</u>, <u>supra</u> (section 6702 penalties are the "underlying tax liability"; <u>Yuen v. United States</u>, <u>supra</u> at 1224 (the "underlying tax liability" as used in section 6330(c)(2)(B) was the frivolous return penalties).  The frivolous return penalties in this case are owed by petitioners pursuant to section 6702 and are the subject of respondent's collection activities.  Therefore, petitioners may challenge the existence or the amount of the frivolous return penalties at the hearing if they did not receive a statutory notice of deficiency or otherwise have an opportunity to dispute the liability.  <u>Lewis v. Commissioner</u>, 128 T.C. 48 (2007); sec. 301.6330-1(e)(3), Q&A-E2, Proced. & Admin. Regs.

Respondent argues that although petitioners did not have an opportunity to dispute the liability, "section 6330(c)(2)(B) applies only when a taxpayer is challenging a liability asserted by the Service that differs in the amount from the taxpayer's self-determination."  Respondent's argument that the frivolous return penalties are self-determined is strained at best; simply put, frivolous return penalties are determined and assessed by the Commissioner.  Nevertheless, even if we are to accept respondent's argument that the penalties are self-determined, petitioners would not be barred from challenging the underlying liability, i.e., the frivolous return penalties, during a section 6330 hearing.  Section 6330(c)(2)(B) permits taxpayers to challenge the existence or amount of the tax liability reported on their original tax return.  Montgomery v. Commissioner, supra at 10.  U.S. District Courts have also held that a taxpayer may challenge the frivolous return penalty in the context of a section 6330 hearing.  See Yuen v. United States, supra at 1224.

Petitioners did not receive a notice of deficiency with respect to the frivolous return penalties because the statutory deficiency procedures, sections 6211-6216, do not apply to frivolous return penalties under section 6702.[5]  Sec. 6703(b); Yuen v. United States, supra at 1224.  Petitioners also have not

---

[5]Sec. 6212 authorizes the Commissioner to send notices of deficiency.

disputed the penalties during a prior conference with respondent's Appeals Office.  See Lewis v. Commissioner, supra. As petitioners have not otherwise had an opportunity to dispute the imposition of the frivolous return penalties, they may contest the penalties both at their section 6330 hearing and before this Court.

D.    Whether Respondent Is Entitled to Summary Judgment

Where, as in this case, the validity of the underlying tax liability is properly at issue, we will review the matter de novo.[6]  Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 181.  Where the validity of the underlying tax liability is not properly at issue, however, we will review the Commissioner's determination for an abuse of discretion.  Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 181.

Respondent assessed a frivolous return penalty for both petitioners' 2003 Form 1040 and Form 843.  Respondent argues that "Even if the Court finds that the petitioners may challenge the frivolous return penalties based on their self-filed returns, respondent is still entitled to summary judgment."

_____

[6]This standard of review comports with the standard of review used by the U.S. District Courts in sec. 6330 hearings where the underlying tax liability was a frivolous return penalty.  See, e.g., Yuen v. United States, 290 F. Supp. 2d 1220, 1224 (D. Nev. 2003); Danner v. United States, 208 F. Supp. 2d 1166, 1171 (E.D. Wash. 2002) (citing Sego v. Commissioner, 114 T.C. 604, 610 (2000).

Under section 6702, as applicable in this case, a $500 civil penalty may be assessed against a taxpayer if three requirements are met.[7]  First, the taxpayer must file a document that purports to be an income tax return.  Sec. 6702(a)(1).  Second, the purported return must lack the information needed to judge the substantial correctness of the self-assessment or contain information indicating the self-assessment is substantially

---

[7]Sec. 6702 has been amended by the Tax Relief and Health Care Act of 2006, Pub. L. 109-432, div. A, sec. 407(a), 120 Stat. 2960.  The amendment is effective for submissions made and issues raised after the date on which the Secretary first prescribes a list of frivolous positions under sec. 6702(c).  That list was announced on Mar. 15, 2007, in Notice 2007-30, 2007-14 I.R.B. 883.  Petitioners' 2003 Form 1040 and Form 843 were submitted in 2004; therefore, the amendment is not applicable to this case. Sec. 6702 as applicable to this case provides:

Sec. 6702(a).  Civil Penalty.--If--

(1) any individual files what purports to be a return of the tax imposed by subtitle A but which--

(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) the conduct referred to in paragraph (1) is due to--

(A) a position which is frivolous, or

(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,

then such individual shall pay a penalty of $500.

incorrect.  <u>Id.</u>  Third, the taxpayer's position must be frivolous or demonstrate a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws. Sec. 6702(a)(2).  We generally look to the face of the documents to determine whether a taxpayer is liable for a frivolous return penalty as a matter of law.[8]  See <u>Yuen v. United States</u>, 290 F. Supp. 2d at 1224.

Petitioners' Form 1040 is an income tax return.  Petitioners appear to have reported all income from their Forms W-2, Wage and Tax Statement, and Forms W-2G, Certain Gambling Winnings, on their Form 1040.  They calculated a total tax due of $6,016. Petitioners had $13,813 withheld from their wages and gambling income, and they requested the difference be refunded. Petitioners also reported that they made additional payments of $9,600 and that these were illegal garnishments from petitioner husband's wages.  They requested a refund of that amount as well.

Petitioners' 2003 Form 1040 is substantially incorrect in that they cannot claim a refund of levied amounts related to a previous tax year on their 2003 Form 1040.  Petitioners will therefore be liable for the frivolous return penalty if the

---

[8]As we lack jurisdiction to hear a claim for refund in situations where a notice of deficiency has not been issued, see secs. 6512(b), 7422, we make no judgment as to the validity of petitioners' claims for refund made on their Form 843 and Form 1040.

return is based on a frivolous position or reflects a desire to delay or impede the administration of Federal income tax laws.

The frivolous return penalty has been imposed upon taxpayers who have taken one or more of a variety of positions. For example, the frivolous return penalty has been imposed on taxpayers who argue: (1) No provision of the Internal Revenue Code makes a person liable for tax, e.g., Yuen v. United States, supra at 1224; (2) wages are not income, or provide inaccurate or no financial information, e.g., id.; Tornichio v. United States, 263 F. Supp. 2d 1090 (N.D. Ohio 2002); (3) general constitutional objections or refuse to pay tax on general constitutional grounds, e.g., Miller v. United States, 868 F.2d 236 (7th Cir. 1989); Leogrande v. United States, 811 F.2d 147 (2d Cir. 1987); (4) the return violates the Fifth Amendment protection against self-incrimination, Kloes v. United States, 578 F. Supp. 270 (W.D. Wis. 1984); and (5) moral or religious objections to the payment of taxes which go toward military spending, e.g., McKee v. United States, 781 F.2d 1043 (4th Cir. 1986); Franklet v. United States, 578 F. Supp. 1552 (N.D. Cal. 1984), affd. 761 F.2d 529 (9th Cir. 1985).

Petitioners' Form 1040 does not provide a reason that the garnishments are illegal other than petitioners' statement that

they were "over-assessed".[9]  Petitioners' Form 1040 contains handwritten notations in various sections, which explain the entries, ask questions about certain items, and request additional credits for which they qualify.  These notations make the return difficult to understand.  Petitioners attached many unnecessary pages to their return including a list of nontaxable amounts received, allegations related to a civil suit against the IRS, and updated depreciation schedules related to deductions that were claimed in prior years.

Although petitioners' Form 1040 is confusing and unorthodox, their arguments are not substantially similar to positions previously held to be frivolous or those that display a desire to delay or impede the administration of Federal income tax laws.  Although not binding in this case, respondent has compiled a list of 40 frivolous positions under section 6702(c) which are applicable to submissions made after March 15, 2007.  Notice 2007-30, 2007-14 I.R.B. 883.  Petitioners' arguments are not substantially similar to any of those positions.  Petitioners appear to dispute respondent's collection activities related to 2003 as well as prior years, and they make allegations related to those disputes on their 2003 Form 1040.  Until the record is

---

[9]Petitioners vaguely expand upon their argument in their petition, arguing that because they have a case pending before a Court of Appeals, it is illegal to garnish wages under Congress's Taxpayer Bill of Rights.

better developed, we cannot say as a matter of law that petitioners have taken a frivolous position or that they desired to delay or impede the administration of Federal income tax laws.

We next turn to petitioners' 2003 Form 843. Petitioners do not claim that the Form 843, which is a claim for refund, is not an income tax return. Nevertheless, we note that documents that are filed to obtain a refund of tax have consistently been held to be purported returns. Kelly v. United States, 789 F.2d 94, 97 (1st Cir. 1986); Sullivan v. United States, 788 F.2d 813, 815 (1st Cir. 1986); Davis v. United States, 742 F.2d 171, 173 (5th Cir. 1984); see Farenga v. United States, 93 AFTR 2d 1775, 2004-1 USTC par. 50,240 (N.D.N.Y. 2004) (a collection review proceeding in U.S. District Court in which the Commissioner imposed the frivolous return penalty on account of both a Form 1040 and a Form 843).

Petitioners' Form 843 requests a refund of "every penny you collected from us plus interest." There is little explanation of the amounts collected, or why that collection was improper. They also claim a refund for all interest, penalties, and over-assessments the IRS made each year. They further claim interest, and "damages at twice the total amount as directed by Congress' Taxpayer Bill of Rights III, part IV." The Form 843 clearly does not contain information on which the substantial correctness of petitioners' refund claim may be judged.

However, like their Form 1040, petitioners' Form 843 does not contain arguments substantially similar to arguments previously held to be frivolous or those that demonstrate a desire to delay or impede the administration of Federal income tax laws.  Rather, petitioners appear to dispute respondent's collection activities related to 2003 and prior years.  Without more information, we cannot say as a matter of law that petitioners have taken a frivolous position or that they desired to delay or impede the administration of Federal income tax laws.

For the foregoing reasons, we hold that respondent has failed to carry his burden of showing that there are no material facts in dispute and that he should prevail as a matter of law.

To reflect the foregoing,

<u>An appropriate order will be issued denying respondent's motion for summary judgment</u>.