T.C. Summary Opinion 2012-55

UNITED STATES TAX COURT

ENSYC TECHNOLOGIES, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14399-10S L.                    Filed June 14, 2012.

Steven Jessup (an officer), for petitioner.

<u>Michael W. Lloyd</u>, for respondent.

SUMMARY OPINION

MORRISON, <u>Judge</u>: This case was heard pursuant to section 7463[1] of the

Internal Revenue Code in effect when the petition was filed. Pursuant to section

_____

[1]All section references are to the Internal Revenue Code in effect at all
relevant times, unless otherwise indicated.

7643(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Pursuant to section 6330(d)(1), Ensyc Technologies seeks review of the determination of the IRS Office of Appeals that it is liable for a penalty for failing to timely file its annual tax return for the tax year 2008. We hold that Ensyc is not liable for the penalty and that therefore the Office of Appeals erred.

Background

The parties agreed to a stipulation of facts, which the Court hereby adopts. The respondent will be referred to as the IRS.

Ensyc Technologies is an S corporation domiciled in Nevada that manufactures radio frequency identification equipment. Ensyc is operated entirely by its president, Steven Jessup, with the assistance of subcontractors. Jessup works from his home in Meridian, Idaho. Ensyc's tax returns are prepared by an outside accountant in Reno, Nevada. Jessup signs the returns and mails them to the IRS.

Ensyc's annual tax return for 2008 was due March 16, 2009. On March 10, 2009, Ensyc's accountant sent Jessup a Form 1120S, U.S. Income Tax Return for an S Corporation, to file with the IRS. The accountant also sent copies of Schedules K-1, Shareholder's Share of Income, Deductions, Credits, etc.,

for Jessup to distribute to each of Ensyc's shareholders. Jessup's files contain a copy of a Form 1120S bearing Jessup's signature and dated March 16, 2009. The IRS has no record of receiving a Form 1120S from Ensyc around that time. It received a Form 1120S from Ensyc six months later, on September 11, 2009, a form that Ensyc contends was intended to be an amended Form 1120S. The form received by the IRS on September 11, 2009, was in an envelope bearing a September 8, 2009 postmark. However, the form itself was dated February 24, 2009.

On the theory that the Form 1120S it received on September 11, 2009, was the only Form 1120S Ensyc had filed for the tax year 2008, the IRS assessed a $6,408 late-filing penalty against Ensyc on December 28, 2009. On January 19, 2010, the IRS mailed a notice to Ensyc that it intended to collect the late-filing penalty by levying on Ensyc's property. On February 1, 2010, Ensyc requested a collection-review hearing with the Office of Appeals. During the hearing, Jessup represented Ensyc. On May 27, 2010, the Office of Appeals determined that (1) Ensyc did not timely file a Form 1120S and (2) Ensyc did not have reasonable cause for failing to timely file the form. The Office of Appeals sustained the levy. Ensyc filed a petition challenging the determination of the Office of Appeals. Its only argument is that it is not liable for the late-filing penalty because, it contends,

it mailed a Form 1120S on March 16, 2009.  The case was tried before the Tax Court in Boise, Idaho.

Discussion

In a collection-review hearing, a taxpayer is entitled to challenge the liability sought to be collected if the taxpayer did not have a prior opportunity to do so.  Sec. 6330(c)(2)(B).  Ensyc's argument that it is not liable for the late-filing penalty is a challenge to the underlying liability the IRS sought to collect.  See Callahan v. Commissioner, 130 T.C. 44, 49 (2008).  Ensyc did not have a prior opportunity to challenge its liability for the late-filing penalty.  Therefore, Ensyc was entitled to challenge its liability for the late-filing penalty.

In reviewing a determination of the Office of Appeals concerning a challenged liability, the Court applies a de novo standard of review.  Sego v. Commissioner, 114 T.C. 604, 610 (2000).  Therefore, we review the determination of the Office of Appeals de novo.

In general, an S corporation does not pay federal income taxes.  Sec. 1363(a). Its shareholders are taxed on their respective shares of the S corporation's income. Sec. 1366(a)(1).  The S corporation must file an annual tax return reporting its income.  Sec. 6037(a).  The return to be filed is a Form 1120S.

26 C.F.R. sec. 1.6037-1(a). The S corporation must attach a Schedule K-1 pertaining to each of its shareholders. See id. (requiring Form 1120S to set forth certain information about shareholders and other information as required by the form or the form's instructions); IRS Instructions for Form 1120S, at 20 (2008). The IRS instructs each S corporation to send each of its shareholders a copy of the respective Schedule K-1. Id.

Section 6699 provides that an S corporation that does not timely file its annual tax return is liable for a penalty equal to $89 per shareholder for every month the tax return is late (but not to exceed 12 months). Sec. 6699(a) and (b). The penalty is not imposed if the failure to timely file the return is due to reasonable cause. Sec. 6699(a).

Section 7491(c) places the burden of production on the IRS to present sufficient evidence that a penalty is appropriate, except that the IRS has no burden of production with respect to mitigating circumstances such as reasonable cause. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the IRS satisfies the burden of production, the taxpayer has the burden of persuading the Court that the IRS's determination is incorrect. Id. at 447. The burden of persuasion is satisfied if a preponderance of the evidence supports the fact asserted. John Jay McKelvay, Handbook of the Law of Evidence, sec. 47, at 96 (5th ed. 1944). As explained

below, we find that Ensyc has shown by a preponderance of the evidence that it had reasonable cause for not timely filing the return.

We must first resolve the parties' dispute about whether Jessup mailed the Form 1120S on March 16, 2009. Jessup claimed that after receiving the Form 1120S from Ensyc's accountant, he drove to his local post office on March 16, 2009, and mailed the form to the IRS. There are several possible explanations for why the IRS has no record of receiving the Form 1120S:

- Jessup did not mail the form at the post office as he claims he did, and thus the IRS never received it.

- Jessup mailed the form, but the post office lost it, and thus the IRS never received it.

- Jessup mailed the form, the post office delivered it to the IRS, and the IRS did not record it.

Considering each of these possibilities, we find by a preponderance of the evidence that Jessup never mailed the Form 1120S that the accountant had sent him on March 10, 2009.

Because Jessup did not mail the form on or before its due date of March 16, 2009, we next consider whether there was reasonable cause for not filing the form on time. As far as we can tell, no judicial opinion has yet considered the scope of

the "reasonable cause" exception to the section-6699 penalty. The penalty was first added to the Code in 2007. Mortgage Forgiveness Debt Relief Act of 2007, Pub. L. No. 110-142, sec. 9(a), 121 Stat. at 1807. No regulatory interpretation of the penalty has been adopted by the Department of the Treasury. Section 6651(a)(1), which imposes an addition to tax for failing to file certain other types of returns, such as income-tax returns, exempts a taxpayer from the addition to tax if "it is shown that such failure is due to reasonable cause and not due to willful neglect". Interpreting this last phrase, 26 C.F.R. section 301.6651-1(c)(1) provides: "If the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time, then the delay is due to a reasonable cause." We hold that the failure of an S corporation to timely file its annual return is due to reasonable cause if the S corporation exercised ordinary business care and prudence and was nevertheless unable to timely file its return. In effect, we are applying the ordinary-business-care-and-prudence test from the section-6651 regulation, though we are not required to do so by regulatory-deference principles. See Acme Music Co. v. IRS (In re Acme Music Co.), 196 B.R. 925, 936 (W.D. Pa. 1996) (applying this test in determining there was reasonable cause for failing to file a partnership tax return for purposes of the section-6698 penalty).

The preponderance of the evidence shows that Ensyc exercised ordinary business care and prudence in its efforts to timely file its Form 1120S for 2008. Jessup usually mailed Ensyc's tax returns on time. Ensyc's accountant sent Jessup the 2008 return in time for Jessup to file it by the March 16, 2009 deadline. Jessup executed the Form 1120S. He retained a copy of the Form 1120S in his files, erroneously thinking he had mailed the original. Jessup mailed the Schedules K-1 to Ensyc's shareholders. We surmise this because an Ensyc shareholder filed an annual individual income-tax return on April 15, 2009, that reflected the shareholder's passthrough loss from Ensyc.

The IRS argues that Jessup's testimony is incredible because he wrote the date February 24, 2009, on the Form 1120S that was postmarked September 8, 2009, and that was received by the IRS on September 11, 2009. Jessup's explanation for why Ensyc filed this Form 1120S is that the original Form 1120S that he thought he filed in March 2009 failed to reflect information about the value of Ensyc's assets, that Ensyc would be unable to get a loan unless Ensyc filed another Form 1120S, that Ensyc's accountant mailed him an amended Form 1120S showing the value of Ensyc's assets on August 24, 2009, and that it was this amended Form 1120S that the IRS received from Jessup on September 11, 2009. Jessup's testimony in this regard is believable and is corroborated by documentary

evidence. Although Jessup could not explain why he had misdated the Form 1120S, we do not think misdating the form was a deliberate attempt to mislead the IRS. It does not seem likely that Jessup thought that mailing a return in September with a February date would fool the IRS into thinking that he actually mailed the return in February. Although Jessup misdated the September Form 1120S, we believe his testimony that he thought he had mailed the March Form 1120S on March 16, 2009.

We find that Ensyc's failure to timely file a Form 1120S for the 2008 tax year was due to reasonable cause. Therefore Ensyc is not liable for the section-6699 penalty for failing to timely file an S corporation return. The Office of Appeals erred in determining that Ensyc is liable for the penalty.

To reflect the foregoing,

<u>Decision will be entered for petitioner</u>.