**Robert Eugene POINDEXTER, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 04–3687–AG.

United States Court of Appeals, Second Circuit.

June 6, 2005.

Robert Eugene Poindexter, Jamaica, N.Y., for Appellant, pro se.

Curtis C. Pett, Tax Division, United States Department of Justice, (Eileen J. O'Connor, Assistant Attorney General, Bruce R. Ellisen, Tax Division, United

States Department of Justice), Washington, D.C., for Appellee, of counsel.

PRESENT: FEINBERG, CARDAMONE, and SACK, Circuit Judges.

## SUMMARY ORDER

Robert Eugene Poindexter appeals *pro se* from a judgment of the United States Tax Court granting summary judgment to the Commissioner of Internal Revenue in a dispute over Poindexter's tax liability for the tax years 1994 and 1996. Poindexter, a songwriter, has been embroiled in a long-running copyright and royalty feud with certain record companies over songs he composed. He contends that the dispute affects the amount of taxes he owes for the years 1994 and 1996, and that the IRS erred in assessing his tax liability for those years.

We review the Tax Court's grant of summary judgment *de novo. Eisenberg v. Comm'r of Internal Revenue,* 155 F.3d 50, 53 (2d Cir.1998). Government tax assessments are generally presumed to be correct, and a taxpayer contesting such assessments bears the burden of proving that they are not. *See United States v. Janis,* 428 U.S. 433, 440–41, 96 S.Ct. 3021, 49 L.Ed.2d 1046 (1976). Summary judgment shall be granted "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." T.C. Rule 121(b); *Espinoza v. Comm'r of Internal Revenue,* 78 T.C. 412, 415–16, 1982 WL 11163 (1982).

Poindexter contends that the tax liabilities assessed for 1994 and 1996 were incorrect, but provided no evidence of such errors, or of the IRS's responsibility for them, to the Tax Court. While Poindexter did seek to introduce some evidence on appeal before this Court, such evidence—even assuming it were properly considered on appeal—deals with tax years and copyright issues irrelevant to Poindexter's tax liability for the years in question.

Poindexter also contends for the first time on appeal that he paid some of his 1996 tax liability and all of his 1994 liability. Arguments are generally not properly considered for the first time on appeal. *Lucent Techs. Inc. v. Tatung Co.,* 379 F.3d 24, 32 (2d Cir.2004). Moreover, this claim is without merit and contradicts the representation Poindexter made in his opposition to the government's motion for summary judgment that because he "did not agree with the amounts of income listed, he did not pay the tax liability for either year." In addition, Poindexter has yet to provide any proof that such payments were, in fact, made.

We have considered Poindexter's remaining arguments and we find them to be without merit. For the foregoing reasons, the decision of the Tax Court is AFFIRMED.