T.C. Memo. 2005-193


UNITED STATES TAX COURT


RANDY R. ROMANO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 24328-04L.               Filed August 8, 2005.


Randy R. Romano, pro se.

<u>James N. Beyer</u>, for respondent.


MEMORANDUM OPINION


WELLS, <u>Judge</u>:  This matter is before the Court on respondent's motion for summary judgment pursuant to Rule 121. All section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

At the time of the filing of the petition, petitioner resided in Levittown, Pennsylvania.

Petitioner failed to file Federal income tax returns for the 1998, 1999, and 2000 tax years. Consequently, respondent sent petitioner a notice of deficiency for those 3 years, dated January 31, 2003. Petitioner received the notice but did not petition this Court for a redetermination with respect to the notice. Petitioner filed an untimely Federal income tax return for the 2001 tax year but failed to pay the taxes due.

Respondent sent petitioner two Letters 1058, Final Notice-- Notice of Intent to Levy and Notice of Your Right to a Hearing, both dated June 9, 2004. On June 29, 2004, respondent received a timely Form 12153, Request for a Collection Due Process Hearing, which petitioner submitted for the 1998, 1999, 2000, and 2001 tax years.

Respondent's Appeals officer and petitioner held a telephone hearing on November 10, 2004. During the hearing, petitioner stated that he "already paid more taxes than he should have" and "had no federal taxes withheld during the years at issue because no one told him otherwise". Respondent's Appeals officer discussed collection alternatives with petitioner. However, petitioner stated that he did not want to pay the outstanding liabilities and wanted to proceed to court.

On November 17, 2004, respondent issued to petitioner a

Notice of Determination Concerning Collection Actions Under Section 6320 and/or 6330.  Thereafter, petitioner filed a timely petition with this Court on December 22, 2004.[1]

In the petition, petitioner alleges that he is not obligated to pay Federal income taxes, stating:

> After reading the tax code I determined that I was not obligated to pay Federal Income tax.  I filed EXEMPT W-4 Form with my employer and sent paper work to the IRS stating my position through certified mail.  I asked the IRS to get back to me within 30 days.  I did not hear anything from the IRS until 6 YEARS later.  Interest + penalties accured.  The IRS was negligent.

Thus, it appears that petitioner is attempting to challenge the underlying tax liabilities for the 1998, 1999, 2000, and 2001 tax years.

## Discussion

The purpose of summary judgment is to expedite litigation and avoid the expense of unnecessary trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  A motion for summary judgment may be granted where there is no dispute as to a material fact and a decision may be rendered as a matter of law.  See Rule 121(a) and (b).  The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are viewed in a light most favorable to the nonmoving party.  Craig v. Commissioner, 119 T.C. 252, 260

---

[1]In his petition, petitioner incorrectly selected the box on the Court's standard petition form for "Petition for Redetermination of a Deficiency".  The Court has treated the petition as a "Petition for Lien or Levy Action".

(2002).  The party opposing summary judgment must set forth specific facts which show that a question of genuine material fact exists and may not rely merely on allegations or denials in the pleadings.  See Grant Creek Water Works, Ltd. v. Commissioner, 91 T.C. 322, 325 (1988); Casanova Co. v. Commissioner, 87 T.C. 214, 217 (1986).

Section 6330(c)(2)(A) prescribes issues that may be raised by a taxpayer in a section 6330 hearing, including spousal defenses to collection, challenges to the appropriateness of the Commissioner's intended collection action, and offers of collection alternatives.  Unless the taxpayer did not receive a notice of deficiency for the taxes in question or did not otherwise have an opportunity to dispute the tax liability, the section 6330 hearing is not a forum to contest the existence or amount of the underlying taxes.  Sec. 6330(c)(2)(B).

Where the validity of the underlying tax liability is properly in issue, the Court will review the matter de novo. However, where the validity of the underlying tax liability is not properly in issue, the Court will review the Commissioner's administrative determination for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Although petitioner received a notice of deficiency for the 1998, 1999, and 2000 tax years, he did not avail himself of the opportunity to file a petition for redetermination with the

Court.  Section 6330(c)(2)(B) therefore precluded petitioner from contesting his liability for the underlying taxes for those years in the hearing.

Because petitioner could not properly challenge the existence or amount of the underlying liability with respect to the 1998, 1999, and 2000 tax years in the hearing, that issue is not properly before this Court.  See Goza v. Commissioner, supra.  This Court will review respondent's determination with respect to the 1998, 1999, and 2000 tax years for abuse of discretion.

Petitioner failed to assert any of the claims enumerated under section 6330(c)(2)(A) in the hearing.  In particular, petitioner did not challenge the appropriateness of the intended method of collection or offer a collection alternative, or raise any such issue before the Court.  Consequently, there is no dispute as to material fact with respect to the 1998, 1999, and 2000 tax years.  Accordingly, we find no abuse of discretion in respondent's determination.

Petitioner did not receive a notice of deficiency for tax year 2001 or have an opportunity to dispute that liability before the hearing.  To the extent petitioner is attempting to challenge the underlying Federal income tax liability for the 2001 tax year, that challenge is appropriate, even though the liability was self-reported.  See Montgomery v. Commissioner, 122 T.C. 1 (2004).

Rule 331(b)(4) states that a petition for review of an

administrative determination filed pursuant to section 6330 shall contain clear and concise assignments of each and every error which the petitioner alleges to have been committed in the levy determination and any issue not raised in the assignments of error shall be deemed to be conceded. Additionally, Rule 331(b)(5) states that such a petition shall contain clear and concise lettered statements of the facts on which the petitioner bases each assignment of error.

In the petition, petitioner only makes the broad assertion that he does not have to pay taxes. There are neither specific assignments of error nor any statement of facts. Petitioner did not set forth in the petition any specific issues or factual basis for his disagreement with the tax liabilities reported on his 2001 return. Consequently, there is no genuine issue of material fact, and respondent is entitled to summary judgment with respect to the 2001 tax year. See <u>Poindexter v. Commissioner</u>, 122 T.C. 280 (2004), affd. 132 Fed. Appx. 919 (2d Cir. 2005).

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.