T.C. Memo. 2009-3


UNITED STATES TAX COURT


A. J. JONES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19290-07L.          Filed January 5, 2009.


<u>Frederick J. O'Laughlin</u>, for petitioner.

<u>G. Chad Barton</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

MORRISON, <u>Judge</u>:  This "collection due process" ("CDP") case is before the Court on respondent's amended motion for summary judgment to uphold his Appeals officer's determination to sustain a notice of intent to levy (the "levy") on petitioner's assets for her 2002 income tax liability.

Petitioner alleged in her petition that respondent had erred by sustaining the levy and, specifically, by sustaining the levy after allegedly finding that it was more intrusive than necessary. Respondent moved for summary judgment on the grounds that his Appeals officer had properly based his determination on petitioner's repeated failures to file tax returns, provide requested information, and propose collection alternatives; and that the Appeals officer actually determined that the levy was not more intrusive than necessary but simply made a misstatement in his notice of determination.

Petitioner did not respond to the motion with specific facts showing that there is a genuine issue for trial. (The record before the Court did enable us to consider her claim that the Appeals officer determined the levy to be more intrusive than necessary.) Instead, she conceded that she is statutorily prohibited from challenging her underlying tax liability but argued that we should review respondent's determination of that tax liability. We find that petitioner has conceded this argument by failing to properly raise it in her petition. We also find, in any case, that the argument is a circuitous, still prohibited, challenge to her underlying tax liability, and that petitioner has failed to set forth specific facts showing a genuine issue for trial with respect to the liability. Upon examination of the notice of determination, we find that the

Appeals officer did not determine that the levy was more intrusive than necessary but simply made a misstatement. Finally, we refuse to further consider petitioner's argument that respondent erred by sustaining the levy because it is too broad to give respondent and the Court notice of any particular issue for decision.

Therefore, we will grant respondent's motion.

FINDINGS OF FACT

Petitioner failed to timely file an income tax return for 2002. Respondent prepared on her behalf, with respect to her 2002 income tax, a "substitute for return."[1] Respondent issued, and petitioner apparently received, a notice of deficiency for her 2002 income tax in or around October 2005.[2] Petitioner

_____

[1]Respondent has previously represented to this court that a "substitute for return" means a return or partial return which respondent prepares for a taxpayer who does not file a return. Swanson v. Commissioner, 121 T.C. 111, 112 n.1 (2003); Spurlock v. Commissioner, 118 T.C. 155, 156 n.2 (2002).

[2]Respondent's Jan. 18, 2007 computer transcript of petitioner's tax account indicates that he issued her a notice of deficiency on or around Oct. 4, 2005: it lists transaction code 494, which means that a notice of deficiency (informally known as a "90-day letter") was issued, for that date. See 2 Administration, Internal Revenue Manual (CCH), pt. 5.18.1.10.2.1.2, at 18,273-69 through 18,273-70 (Jan. 25, 2008); IRS Document 6209, ADP and IDRS Information, 8-27 (2003). Petitioner's concession in her response to respondent's motion that she "cannot dispute her underlying tax liability by statute" implies her recognition that sec. 6330(c)(2)(B) did not permit her to raise the issue at the CDP hearing because she received a statutory notice of deficiency for the tax liability or otherwise had an opportunity to dispute the liability. While petitioner's
(continued...)

failed to file a Tax Court petition to challenge the notice of deficiency (and did not otherwise dispute the notice of deficiency). Respondent then assessed the deficiency. Respondent sent petitioner an IRS Notice CP 90, Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing, for her unpaid 2002 income tax on August 21, 2006. Petitioner duly requested a CDP hearing to contest the levy. She explained in this request that "Taxpayer disagrees with the final notice of intent to levy because a levy would cause a great hardship to Taxpayer. Taxpayer does not have the ability to pay the entire tax liability owned [owed] because both taxpayers [sic] are disabled."[3]

Respondent's Appeals officer conducted the CDP hearing through a series of communications with petitioner which included, but were not limited to, a "face-to-face" (in-person) meeting with her counsel. On October 23, 2006, respondent sent petitioner and her counsel copies of a letter which acknowledged

---

[2](...continued)
receipt of the notice of deficiency would explain this most simply, our analysis would not differ materially if there were a different reason for her being statutorily unable to dispute her underlying tax liability. (All section references are to the Internal Revenue Code and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.)

[3]Nothing before the Court explains or substantiates petitioner's allegation that she and (as we infer that she alleges) her husband are disabled.

petitioner's request for a CDP hearing, explained that he had not received her 2000, 2001, 2002, and 2003 tax returns, and asked her to submit them by October 31, 2006. On December 6, 2006, respondent sent them copies of a letter which scheduled a conference call as part of petitioner's CDP hearing, explained the factors he would have to consider in the hearing, and requested that she provide a completed Collection Information Statement (a form statement of her finances), income tax returns for 2000, 2001, 2003 and 2005,[4] and any other federal tax returns required to be filed, since he would need the foregoing materials to consider alternatives to the levy. On December 20, 2006, petitioner's counsel requested a "face-to-face" (in-person) meeting. On May 1, 2007, respondent sent petitioner and her counsel copies of a letter which scheduled a conference call for June 5, 2007, requested her Collection Information Statement and 2003, 2004, 2005, and 2006 tax returns, and stated in underlined text: "Your POA ["power of attorney," i.e., counsel] requested a face-to-face conference to discuss the potential levy action. Unless you become compliant and can present a serious plan of action to pay, I do not believe a face-to-face meeting would be

---

[4]The record before the Court does not indicate whether petitioner filed her 2000 or 2001 return. The attachment to the notice of determination upon the CDP hearing and petitioner's response to respondent's motion for summary judgment state that she did not file her 2002 return.

productive.  CDP should not be used as a forum to delay collection."

During the June 5, 2007 call, petitioner's counsel said that petitioner, in the Appeals officer's account, was "basically destitute and would provide proof thereof," requested that a face-to-face meeting be scheduled for June 20, 2007, and said that petitioner would provide all delinquent tax returns and an updated financial statement.  At the June 20, 2007 face-to-face meeting, petitioner's counsel explained to the Appeals officer that since petitioner was not cooperative in providing the requested information he was not able to further assist her, and he requested that the Appeals officer issue his notice of determination.

The notice of determination, dated July 25, 2007, stated under the heading "Summary and Determination" that:

> Appeals has determined the Automated Call Site/Customer Service Office (ACS) has met all legal and administrative requirements with respect to the issuance of the final notice of intent to levy, CP 90 Notice.
> Your power of attorney (POA) requested and was granted a face-to-face collection due process (CDP) hearing on June 20, 2007.  The CDP hearing was held with your POA.  He indicates that you did not provide any documentation and there was no collection alternative proposed.
> Additionally, transcripts confirm that you are not current with filing requirements. * * *
> It is Appeals determination to sustain the proposed levy action.  The case will be remitted back to the originating office to resume collection.

The Appeals Office explained how it applied relevant fact and law to arrive at the determination in an attachment to the notice of determination.[5]  The attachment ended:  "It is Appeals determination <u>the issuance of a notice of levy would not balance the Government's need to efficiently collect these tax liabilities and is deemed more intrusive than necessary</u>.  The accounts will be sent back to the originating ACS office to resume collection."  (Emphasis added.)

Petitioner timely filed a petition with the Court for review of respondent's determination.  The petition stated that she resided in Oklahoma, which means that this case would generally be appealable to the Court of Appeals for the Tenth Circuit.  See sec. 7482(b)(1).

OPINION

We are asked to decide whether summary judgment is appropriate.  Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  See, e.g., <u>FPL Group, Inc. v. Commissioner</u>, 116 T.C. 73, 74 (2001).  A motion for summary judgment will be granted if the pleadings, answers to interrogatories, depositions, admissions, and other acceptable materials, together with the affidavits, if any, show that there

---

[5]The notice of determination was issued by an IRS Appeals team manager but reflected the factual and legal determinations the Appeals officer had set forth in IRS Form 5402-c, Appeals Transmittal and Case Memo - CDP (7/2006) for the manager's review.

is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. See Rule 121(b); Elec. Arts, Inc. v. Commissioner, 118 T.C. 226, 238 (2002).

The moving party has the burden of proving that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. See, e.g., Rauenhorst v. Commissioner, 119 T.C. 157, 162 (2002). "In conducting our analysis, we view all of the facts in the light most favorable to the non-movant and draw all reasonable inferences from the record in favor of the non-moving party." Young v. Dillon Cos., 468 F.3d 1243, 1249 (10th Cir. 2006). Since petitioner did not present any facts, other than a copy of the notice of determination (whose content is not in dispute) and acknowledgment of certain facts respondent had presented in his motion, we rely on respondent's version of the facts.[6] We do not find that any material inferences can be drawn from them in either party's favor.

Respondent moved for summary judgment on the grounds that his Appeals officer correctly sustained the notice of intent to levy. He argued that the determination was correct because petitioner had repeatedly failed to file tax returns (see, e.g.,

---

[6]We reject petitioner's unexplained and unsubstantiated allegations that she and, apparently, her husband are "disabled" and that she was "destitute" as too vague to inform our consideration of this case. (We note that she repeatedly failed to provide the Appeals officer the financial statement that would have reflected any lack of income or assets.)

Giamelli v. Commissioner, 129 T.C. 107, 111-112 (2007)), provide requested information (see, e.g., Prater v. Commissioner, T.C. Memo. 2007-241; Roman v. Commissioner, T.C. Memo. 2004-20), or propose a collection alternative (see, e.g., Chandler v. Commissioner, T.C. Memo. 2005-99). He argued that the Appeals officer did not find the levy to be more intrusive than necessary, as petitioner had alleged in her petition, but merely made what respondent alleged was a misstatement to this effect.

Rule 331(b)(4) provides that a petition in a lien or levy action such as this case must contain "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed in the notice of determination", and that "any issue not raised in the assignments of error shall be deemed to be conceded."[7] Petitioner's assignment of error is as follows: "Petitioner assigns error in the Determination that (A) levy is appropriate; and (B) to send the account back to ACS collection when the Appeals office found that the collection levy was more intrusive than necessary."

---

[7]We have in other cases considered issues that the parties belatedly raised (or even did not raise at all), but do not do so routinely. See, e.g., Miller v. Commissioner, 114 T.C. 184, 192 (2000); Knapp v. Commissioner, 90 T.C. 430, 439 (1988), affd. 867 F.2d 749 (2d Cir. 1989); Clough v. Commissioner, T.C. Memo. 2007-106 (relying on the Appeals officer's "obvious" failure to verify that the requirements of applicable law and administrative procedures had been met, rather than the taxpayer's entirely meritless arguments, to find that he had abused his discretion in sustaining a levy).

In <u>Poindexter v. Commissioner</u>, 122 T.C. 280, 285 (2004), affd. 132 Fed. Appx. 919 (2d Cir. 2005), we held in the context of the Rule 331(b)(5) requirement for "[c]lear and concise lettered statements of the facts on which the petitioner bases each assignment of error" that Rule 331 requires the petition in a lien or levy case to be sufficiently specific to enable respondent to mount a defense (if he has one) and to tell the Court what specifically it must decide.  More generally, Rule 31(a) provides that "[t]he purpose of the pleadings is to give the parties and the Court fair notice of the matters in controversy and the basis for their respective positions."  Since petitioner's statement that she "assigns error in the [d]etermination that[ ]levy is appropriate" is so vague that it does not give respondent or the Court notice of any specific issue, we consider it not to be a valid assignment of any error. Petitioner is therefore deemed to have conceded all issues other than her allegation that the Appeals officer determined that the levy was "more intrusive than necessary."  These foreclosed issues include petitioner's argument in her response to respondent's motion for summary judgment that respondent abused his discretion by not confirming his previous computation of her tax liability in connection with the CDP hearing or confirming

that she was required to file the returns the Appeals officer requested.[8]

Petitioner did not set forth additional facts to support her allegation that the levy was "more intrusive than necessary" in her response to respondent's motion for summary judgment. However, we need only the record already before the Court to consider this allegation. Upon examining the notice of determination, including its explanatory attachment, we find that the Appeals officer did not find the levy to be more intrusive than necessary (in which event the levy might have been improper under section 6330(c)(3)(C)) but, as respondent contends, merely made a misstatement. The notice and attachment state, and

---

[8]Since we find that the argument is essentially a statutorily prohibited challenge to petitioner's underlying tax liability, we need not consider whether to except it from the general requirement that all issues be raised in the pleadings. See Baltic v. Commissioner, 129 T.C. 178 (2007) (an offer-in-compromise based upon "doubt as to liability" is a challenge to "underlying tax liability" within the meaning of sec. 6330(c)(2)(B), as is a request that the IRS conduct an "audit reconsideration" to reconsider its changes to a taxpayer's liability (see IRS Publication 3598, What You Should Know About the Audit Reconsideration Process (2007)), so respondent does not abuse his discretion in refusing to delay collection pending such an offer or audit reconsideration if the challenge is barred). Even if we could consider the argument, we expect that it would fail because petitioner's incoherent, evasive language does not allege, much less set forth specific facts to show, that respondent's previous tax computation was incorrect or that she was not required to file the returns the Appeals officer requested. Moreover, since nothing before the Court suggests that respondent erred (other than the statement in the notice of determination, which petitioner duly raised), we need not consider raising any issue on our own in this case.

petitioner does not dispute, that she did not challenge her tax liability, propose any collection alternatives, or provide any documentation (including her 2002, 2003, 2004, 2005 and 2006 tax returns). Since each step of the Appeals officer's analysis in the notice and attachment is consistent with a proper determination to sustain the levy, and nothing before the Court suggests that he failed to consider any relevant fact or erred in any consideration, to infer that he found the levy to be improper would be unreasonable.

Since we find that petitioner could not prevail, we will grant respondent's motion.

To reflect the foregoing,

<u>An order and decision will be entered for respondent</u>.