T.C. Memo. 2009-7

UNITED STATES TAX COURT

JOHN CHARLES VUCKOVICH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26456-07L.                    Filed January 12, 2009.

John Charles Vuckovich, pro se.

<u>J. Robert Cuatto</u>, for respondent.

MEMORANDUM OPINION

HALPERN, <u>Judge</u>:  This case is before us to review a Notice
of Determination Concerning Collection Action(s) under Section
6320 and/or 6330 (the notice) issued by respondent's Appeals
Office (Appeals).  The notice concerns petitioner's 1999, 2000,
and 2002 Federal income tax liabilities, and it sustains an
Appeals officer's determination that a notice of Federal tax lien
for those years should stand.  We review the notice pursuant to

sections 6320(c) and 6330(d)(1).[1]  Respondent has moved for summary judgment and to impose a section 6673 penalty (the motion).  Petitioner objects (the response).  We shall grant the motion in both respects.

We may grant summary judgment "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b).  In pertinent part, Rule 121(d) provides:  "When a motion for summary judgment is made and supported * * *, an adverse party may not rest upon the mere allegations or denials of such party's pleading, but such party's response * * * must set forth specific facts showing that there is a genuine issue for trial."

In support of the motion, respondent relies on the pleadings, the declaration of J. Robert Cuatto, an attorney assigned to defend the notice, and respondent's proposed stipulation of facts, which we shall take as true because petitioner had the opportunity to object but did not do so.[2]

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]  After receiving respondent's proposed stipulation of facts, petitioner sent a letter to respondent stating:  "I am in the process of reviewing your proposed Stipulation of Facts, and preparing a response to certain proposed facts."  Petitioner
(continued...)

## Background

Petitioner failed to file Federal income tax returns for 1999, 2000, and 2002; respondent determined deficiencies in, and additions to, tax for those years, and, following petitioner's failure either to pay the tax and additions or to challenge respondent's determinations in this Court, respondent assessed those deficiencies and additions (the assessments). Petitioner did not pay the assessments, and, on July 6, 2006, respondent notified petitioner that (1) he had filed a Federal tax lien with respect to the assessments and (2) petitioner had a right to appeal that action. In response, petitioner submitted to the Internal Revenue Service (IRS) IRS Form 12153, Request for a Collection Due Process Hearing, alleging that the notice of Federal tax lien constituted "an inappropriate collection action"

_____

[2](...continued)
failed to send the promised response, however, and respondent moved for petitioner to show cause why the proposed stipulation of facts should not be accepted as established. We ordered petitioner to show cause. In response to our order, petitioner conceded that he did not "dispute" the proposed stipulation of facts. In his subsequent response to the motion for summary judgment, petitioner argues that "not disputing, does not convert to agreement". Petitioner is wrong. Rule 91(f)(2) provides that in responding to an order to show cause, where a party disputes any matter, the party shall set forth the reasons for his dispute. Because petitioner failed to set forth any dispute with respondent's proposed facts, we accept them as true. See, e.g., Console v. Commissioner, T.C. Memo. 2001-232 (accepting as true proposed facts where taxpayer "failed to respond to the substance of our order"), affd. 85 Fed. Appx. 869 (3d Cir. 2003); Brookbank v. Commissioner, T.C. Memo. 1999-51 (accepting as true proposed facts where taxpayer filed "frivolous response" to our order), affd. without published opinion 215 F.3d 1325 (6th Cir. 2000).

and disputing "[t]he existence or amount of the tax, since I did not receive a notice of deficiency and did not otherwise have an opportunity to dispute the tax liability."[3]

An Appeals official, Settlement Officer Michael Freitag, then wrote to petitioner on January 26, 2007, informing him that he would schedule a telephone conference for February 28, 2007, and that (1) to dispute his tax liabilities for 1999, 2000, and 2002, petitioner needed to submit original signed tax returns for those years and (2) for Appeals to consider collection alternatives for those years, petitioner needed to submit signed tax returns for 2003, 2004, and 2005, since he had not filed returns for those years, along with a completed IRS Form 433-A, Collection Information Statement.  Petitioner neither contacted Mr. Freitag to reschedule the meeting nor submitted any documents.  Petitioner missed the telephone conference, and Mr. Freitag scheduled another.  Before the date of the second scheduled telephone conference, petitioner requested a face-to-face conference.  Another Appeals official, Settlement Officer Paul Baker, then wrote petitioner, scheduling a face-to-face conference for June 14, 2007, and requesting a completed Collection Information Statement, the six tax returns described above, and a seventh signed tax return for 2006 (which return had

---

[3] Respondent sent the three statutory notices of deficiency to petitioner's last known address.  Unable to deliver or forward them, the post office returned all three to respondent.

since become due). Mr. Baker warned petitioner that, if he did not participate in the conference or submit the requested documents, Appeals would make a determination on the basis of the available evidence. Petitioner submitted no documents. Petitioner and Mr. Baker each rescheduled the face-to-face conference twice. After setting September 25, 2007, as the fifth date for the conference, Mr. Baker wrote petitioner informing him that both parties had to adhere to that date. In a letter dated September 21, 2007, petitioner requested that Appeals indefinitely postpone the conference because petitioner had "decided to seek legal representation regarding this matter * * * [and so far had] been unsuccessful in finding affordable representation." Petitioner then failed to attend the conference. In a letter dated September 26, 2007, Mr. Baker denied petitioner's request for a postponement, restating that "both you and the [Internal Revenue] Service had to adhere to the specified date and time" of the conference. Noting that petitioner had submitted none of the requested documents, Mr. Baker granted petitioner an additional 10 days to do so. Mr. Baker warned that, if petitioner did not submit the necessary tax returns, Appeals would make a determination on the basis of the available evidence. After petitioner again failed to submit the requested documents, Appeals issued the notice. The notice contains the following "Summary of Determination":

Since you have not provided any information for us to consider your challenge to the tax assessments, it shall be assumed that the liabilities are correct. Also, since you have not filed your Forms 1040 for 2003, 2004, 2005 and 2006, no alternatives such as an Installment Agreement can be considered at this time. Therefore, Appeals sustains in full the filing of the Notice of Federal Tax Lien, because the lien balances the need for the efficient collection of taxes with your legitimate concern that any collection action be no more intrusive than necessary.

Petitioner timely filed the petition, assigning error to the notice on the grounds that he did not receive a fair hearing because Appeals "set an arbitrary drop dead date" for a hearing and violated section 6330 by requiring statements and collection information not associated with 1999, 2000, and 2002.  Petitioner also claims:  "IRS offers no evidence that they obtained verification from the Secretary that the requirements of any applicable law or administrative procedure had been met as required by Sec. 6330."  Finally, petitioner claims the right to challenge the existence of the underlying liabilities for tax.

After petitioner filed the petition, respondent's counsel (counsel) scheduled a conference with petitioner for February 29, 2008, "to discuss this case and attempt to resolve all issues short of trial."  Counsel also requested that petitioner submit all documents related to petitioner's income tax liabilities for the years in issue.  Petitioner responded that he was unable not only to attend the conference but also to provide the requested documents by that date.  Petitioner promised to contact counsel

by March 17, 2008, to reschedule the conference. When counsel rescheduled the conference for March 13, 2008, petitioner objected, restating his promise to contact counsel by March 17, 2008. When petitioner failed to contact counsel by his self-imposed deadline, counsel rescheduled the conference for April 24, 2008. Petitioner did not attend the conference and did not send counsel any documents. Counsel then sent petitioner a copy of the proposed stipulation of facts. When petitioner failed to provide a substantive response, respondent moved for, and we issued, an order requiring petitioner to show cause why the facts proposed to be stipulated should not be accepted as established. In response to our order, petitioner conceded that he did not "dispute" the stipulation of facts. Respondent then filed the motion.

Discussion

I. Summary Judgment

   A. Introduction

Respondent asks for summary judgment in his favor on the grounds that, considering the issues that petitioner had raised in his request for a section 6330 hearing, and taking into account that petitioner failed to participate in that hearing, Appeals was justified in determining to proceed on the basis of Settlement Officer Paul Baker's (1) verification that the requirements of any applicable law or administrative procedure

had been met, (2) consideration of whether the proposed collection action balanced the need for efficient collection of taxes with the legitimate concern that such action be no more intrusive than necessary, and (3) consideration of the issues petitioner had raised.  See sec. 6330(c)(3).  Petitioner opposes the motion for summary judgment.

B.  Verification

Because it is set forth in respondent's proposed stipulation of facts that, "[d]uring [p]etitioner's * * * [section 6330] hearing, the settlement officer verified that all legal and administrative procedures were followed", we shall take that to be true.  That would seem to satisfy the requirements of section 6330(c)(1) and (3)(A):  "The appeals officer shall at the [section 6330] hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met."  Moreover, we have held:  "Section 6330(c)(1) does not require the Appeals officer to give the taxpayer a copy of the verification that the requirements of any applicable law or administrative procedure have been met." Nestor v. Commissioner, 118 T.C. 162, 166 (2002).

C.  Balancing the Need for Efficient Collection of Taxes

Petitioner's request for a section 6330 hearing was based on his claim that respondent's lien was not an appropriate collection action and his challenge to the existence and amount

of the tax.  Respondent's two settlement officers requested tax returns for the years in issue to consider petitioner's tax liabilities for those years and collection information and returns for subsequent years to consider collection alternatives. Petitioner was warned at least twice that, if he did not submit the requested documents, Appeals would proceed on the basis of the available evidence.  Petitioner was given a final 10 days to submit the documents.  Petitioner did not attend scheduled conferences, did not respond to correspondence, did not submit the requested documents, and attempted to postpone his hearing indefinitely to obtain legal counsel, which, as of yet, he has not obtained.  There is no requirement that Appeals issue a notice of determination within a certain time.  See Gazi v. Commissioner, T.C. Memo. 2007-342; sec. 301.6320-1(e)(3), Q&A-E9, Proced. & Admin. Regs.  Given petitioner's conduct and the information available, Settlement Officer Baker did not abuse his discretion by determining that the proposed collection action balanced the need for the efficient collection of taxes with the legitimate concern of petitioner that any collection action be no more intrusive than necessary.  See sec. 6330(c)(3)(C); Castillo v. Commissioner, T.C. Memo. 2004-238 (applying abuse of discretion standard to review of section 6330(c)(3)(C) determination).

D.  Issues Petitioner Raised

Petitioner raised his liability for the unpaid tax as a defense to respondent's collection action.  Petitioner had not filed returns for 1999, 2000, and 2002, and the settlement officers assigned to petitioner's case asked for original signed returns to consider his tax liability for those years.  Since petitioner did not provide those returns or any other information with respect to his liability, Settlement Officer Baker determined on the basis of the information before him that the assessments must be correct.  Appeals determined the assessments were correct, and we see no error in that determination.  Moreover, even if Appeals erred in that respect, petitioner has failed to support his assignment of error with a sufficient specificity of fact as to his liabilities for 1999, 2000, and 2002 for us to consider those liabilities.  See Poindexter v. Commissioner, 122 T.C. 280, 285 (2004), affd. 132 Fed. Appx. 919 (2d Cir. 2005).

E.  Conclusion

We shall grant summary judgment and sustain the notice on the premises stated.

II.  Section 6673 Penalty

Under section 6673(a)(1), this Court may require a taxpayer to pay a penalty not in excess of $25,000 if the taxpayer has instituted or maintained a proceeding primarily for delay.  We

see no reason for this case other than delay.  Indeed, delay attributable to petitioner is manifest at almost every stage of this proceeding.  He never provided any information necessary to support his objections, choosing instead to ask for postponement after postponement.  Petitioner has had almost 2 years to submit to the settlement officers or counsel the necessary tax returns to show error in the assessments and still he has not done so.  From the beginning, petitioner has refused to cooperate with respondent.  For example, petitioner did not respond to respondent's proposed stipulation of facts until we ordered him to show cause.  After replying that he did not "dispute" the proposed stipulation, petitioner resorted to word games by claiming that "not disputing, does not convert to agreement".  Petitioner has failed to report income for at least 7 years.  He deserves a substantial penalty for initiating this proceeding.  We shall, therefore, require petitioner to pay a penalty under section 6673(a)(1) of $2,500.

To reflect the foregoing,

<u>An appropriate order will be issued, and decision will be entered for respondent</u>.