T.C. Memo. 2009-206

UNITED STATES TAX COURT

STEVE A. HARRY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent*

Docket No. 28096-07L.          Filed September 14, 2009.

Steve A. Harry, pro se.

<u>William F. Castor</u>, for respondent.

MEMORANDUM OPINION

JACOBS, <u>Judge</u>:[1]  The dispute between the parties concerns

actions taken (the filing of a lien) and proposed to be taken

*This opinion replaces our previously filed opinion, T.C.
Memo. 2008-295, dated Dec. 23, 2008, which was withdrawn by order
dated July 31, 2009.

[1]This case was assigned to Judge Julian I. Jacobs for
disposition of respondent's motion for summary judgment by order
of the Chief Judge on Sept. 24, 2008.

(intent to levy) by respondent against petitioner to collect an unpaid civil penalty pursuant to section 6700 (section 6700 penalty) for 2002. On August 7, 2008, respondent filed a motion for summary judgment pursuant to Rule 121. Petitioner, though ordered by the Court to file a response to the motion for summary judgment, filed none.

Unless otherwise indicated, all section references are to the Internal Revenue Code (Code), and all Rule references are to the Tax Court Rules of Practice and Procedures.

### Background

On September 5, 2006, respondent sent petitioner, an attorney, a letter captioned Section 6700 Pre-Assessment Letter advising him that respondent was considering assessing a section 6700 penalty against him on account of his participation in the issuance of $150,400,000 of Multifamily Housing Revenue Bonds, 2002 Series on February 28, 2002, by the Oklahoma Housing Development Authority. That letter stated in pertinent part:

> We have reviewed certain materials with respect to the issuance of the above referenced bonds (collectively, the "Bonds"). We are considering assessing penalties under section 6700 of the Internal Revenue Code as a result of your organization or assistance in the issuance of the Bonds.
> The enclosed explanation provides a detailed summary of the facts, law and analysis on which our consideration of the penalty assessment is based. The report also includes a computation of the penalty amount.
> You may request a conference with an IRS supervisor to discuss the merits of any factual or legal issues indicating such action should not be taken or to discuss the possibility of entering into a closing agreement. * * *

Petitioner was advised that if respondent did not receive a reply within 30 days from the date of the letter, respondent would initiate procedures to assess the section 6700 penalty. Petitioner did not respond to this Section 6700 Pre-Assessment Letter.

On February 28, 2007, respondent sent a second letter to petitioner, stating that respondent would assess the section 6700 penalty. The second letter informed petitioner that upon assessment of the section 6700 penalty, (1) within 30 days petitioner could pay 15 percent of the assessment and file Form 843, Claim for Refund and Request for Abatement, and (2) if petitioner received notice that the claim was disallowed, petitioner would have 30 days to notify respondent of his intent to appeal the denied claim to respondent's Appeals Office. Finally, the second letter informed petitioner that if he made such a payment and his claim for refund was administratively denied, he could file suit in a U.S. District Court within 30 days of the disallowance of the claim, or within 30 days after the expiration of the 6-month period following the filing of his claim, whichever was earlier. Petitioner failed to respond to the second letter.

Respondent assessed the section 6700 penalty against petitioner on April 16, 2007, and thereafter sent petitioner a

notice of the assessment and demand for payment. Petitioner did not pay the assessed amount or any part thereof.

On June 27, 2007, respondent sent petitioner Letter 1058, Final Notice - Notice of Intent to Levy and Your Right to a Hearing Under I.R.C. § 6330 (the levy notice), with respect to the section 6700 penalty. On July 17, 2007, respondent sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing under I.R.C. § 6320 (the lien notice), advising petitioner that a notice of Federal tax lien had been filed with respect to the section 6700 penalty and that petitioner had the right to a hearing to appeal this collection action and to discuss payment method options.

On July 11, 2007, petitioner filed Form 12153, Request for a Collection Due Process Hearing, regarding the levy notice. On August 3, 2007, petitioner filed another Form 12153 regarding the lien notice. On both of these forms petitioner checked the box indicating that he wished to make an offer-in-compromise. By a letter dated August 29, 2007, Scott Penny, a settlement officer in respondent's Oklahoma City, Oklahoma, Appeals Office, informed petitioner that he would like to hold a collection due process hearing via a conference call on September 19, 2007. Appeals Settlement Officer Penny informed petitioner that in order for him to consider alternative collection methods, such as an offer-

in-compromise, petitioner had to provide certain financial and tax return information.

On September 14, 2007, Appeals Settlement Officer Penny received a letter from petitioner enclosing the requested information. In his letter, petitioner requested that the notice of Federal tax lien be withdrawn and that his offer-in-compromise be accepted. Petitioner argued that he had started an insurance company but that he had "been denied sponsorship through some insurance companies due to [his] credit rating and the tax lien of record." He stated that he could not "write insurance with [his] new license and company due to the tax lien." Petitioner offered to settle all of his and his wife's taxes, including the section 6700 penalty and potential income tax liabilities for 2003, 2004, and 2005 that respondent might assess following the conclusion of an audit, by turning his retirement assets in a section 401(k) plan over to the IRS.

During the September 19, 2007, conference call, petitioner stated that the filing of a tax lien created a financial hardship for him. In addition, petitioner renewed his proposal to resolve the section 6700 penalty and all tax liabilities for 2003, 2004, and 2005 by way of an offer-in-compromise. Appeals Settlement Officer Penny replied that no offer-in-compromise could be considered until the audit of petitioner's 2003, 2004, and 2005 tax returns was completed. After stating that he understood

respondent's position, petitioner posited that the section 6700 penalty might have been erroneously assessed on the basis that the Oklahoma Housing Development Authority had appealed its own section 6700 penalty which had been assessed as a result of the sale of the Multifamily Housing Revenue Bonds.  After reviewing petitioner's section 6700 penalty file, Appeals Settlement Officer Penny rejected petitioner's claim.

On November 6, 2007, respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, determining that the tax lien was filed in accordance with all legal and procedural requirements and sustaining the proposed levy action.  In that notice respondent rejected petitioner's argument that the section 6700 penalty should not have been imposed against petitioner individually while the Oklahoma Housing Development Authority's own section 6700 penalty was under appeal.  Appeals Settlement Officer Penny took the position that the assessment against petitioner was not predicated on any determination regarding the appeal of the penalty assessment against the Oklahoma Housing Development Authority.

On December 5, 2007, petitioner filed a petition in this Court alleging:

> There is an outstanding appeal on a preliminary determination letter on a tax exempt bond issue that relates to the incorrect findings by the IRS on the Sec. 6700 exam against me.  The premature findings on

the Sec. 6700 exam violated my due process rights since the bonds in question are under appeal.  The IRS delayed the requested appeal on the bonds while moving forward on the Sec. 6700 exam in an apparent attempt to force some kind of settlement agreement.  I received this civil liability fine when I refused to settled [sic] on the exam for the bonds.  The amount of the fine was in excess of the actual income I received.  I request that the lien be released and the fine eliminated.

Petitioner resided in Oklahoma when he filed the petition.

## Discussion

A.    Summary Judgment

Summary judgment is used to expedite litigation and avoid unnecessary and expensive trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  This Court may grant summary judgment where there is no genuine issue of any material fact and a decision may be rendered as a matter of law.  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  The moving party bears the burden of proving that there is no genuine issue of material fact, and the Court will view any factual material and inferences in the light most favorable to the nonmoving party. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985).  Rule 121(d) provides that where the moving party properly makes and supports a motion for summary judgment "an adverse party may not rest upon the mere allegations or denials of such party's pleading," but must set forth specific facts, by affidavits or otherwise, "showing that there is a genuine issue for trial."

B.  Jurisdiction

The section 6700 penalty is governed by the procedural rules of section 6703,[2] which generally removes section 6700 penalty assessments from the deficiency jurisdiction of this Court. However, section 6330(d)(1)[3] provides this Court with jurisdiction to review an appeal from the Commissioner's determination to proceed with collection activity regardless of the type of underlying tax involved.  We have held that our jurisdiction includes the right to review the Commissioner's lien and levy collection activity regarding penalties governed by the procedural rules of section 6703.  See Callahan v. Commissioner, 130 T.C. 44 (2008).  Thus, we have jurisdiction to review the notice of determination of November 6, 2007, issued to petitioner under sections 6320 and 6330 because the underlying tax liability consists of a section 6700 penalty.

---

[2]Sec. 6703(b) provides that subch. B of ch. 63 of the Code (relating to deficiency procedures) does not apply with respect to the assessment or collection of the penalties provided by secs. 6700, 6701, and 6702.  Sec. 6703(c) provides that a taxpayer may challenge a penalty under secs. 6700 and 6701 by paying 15 percent of the assessed penalty, filing an administrative claim for refund, and if that claim is not granted, filing a claim for refund in the appropriate U.S. District Court.

[3]As amended by the Pension Protection Act of 2006, Pub. L. 109-280, sec. 855, 120 Stat. 1019, effective for determinations made after Oct. 16, 2006.

C.    Sections 6320 and 6330

Section 6320(a) provides that written notice of the filing of a Federal tax lien must be furnished by the Secretary to the taxpayer whose property is subject to the lien.  Section 6320(b) provides that a taxpayer may request a hearing regarding the lien, and section 6320(c) provides that the hearing must be conducted pursuant to the rules of section 6330.  Section 6330(a) provides that no levy may be made on any property or right to property of any person unless the Secretary has notified that person in writing of the right to a hearing before the levy is made (the section 6330 hearing).  Section 6330(b)(3) provides that if a person requests a section 6330 hearing, that hearing shall be held before an impartial officer or employee of the IRS. During the hearing, a taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives, including offers-in-compromise.  Sec. 6330(c)(2)(A).

A taxpayer is precluded from contesting the existence or amount of the underlying tax liability at the section 6330 hearing unless the taxpayer did not receive a notice of deficiency for the tax in question or did not otherwise have an opportunity to dispute the underlying tax liability.  Sec.

6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000).[4]

Following a section 6330 hearing, the Commissioner's Appeals settlement officer must make a determination whether the proposed levy action may proceed. The Commissioner's Appeals settlement officer is required to take into consideration: (1) The verification presented by the Secretary that the requirements of applicable law and administrative procedures have been met; (2) the relevant issues raised by the taxpayer; and (3) whether the proposed levy action appropriately balances the need for efficient collection of taxes with the taxpayer's concerns that the levy action be no more intrusive than is necessary. Sec. 6330(c)(3).

When reviewing a section 6330 hearing, if the validity of the underlying tax liability was at issue in a section 6330 hearing, this Court will review the matter de novo. Davis v. Commissioner, 115 T.C. 35, 39 (2000). If the underlying tax liability was not at issue, this Court will review the determination of the Appeals Office for abuse of discretion. Goza v. Commissioner, 114 T.C. 176, 182 (2000).

_____

[4]We have interpreted the phrase "underlying tax liability" to include any amounts a taxpayer owes pursuant to tax laws that are subject to the Commissioner's collection activities. Katz v. Commissioner, 115 T.C. 329, 338-339 (2000). This includes penalties that are governed by the procedural rules of sec. 6703. See Callahan v. Commissioner, 130 T.C. 44 (2008) (concerning the sec. 6702 frivolous return penalty).

D.  <u>Application</u>

Petitioner argues in his petition that the section 6700 penalty (the underlying tax) was incorrectly assessed.  However, petitioner has failed to aver facts sufficient to show error in the assessment.

Rule 331 addresses the commencement of lien and levy actions under sections 6320 and 6330.  An action under either section is commenced by the filing of a petition.  Rule 331(a).  Rule 331(b) specifies the content of the petition.  Rules 331(b)(4) and (5) require the petition to contain:

> (4) Clear and concise assignments of each and every error which the petitioner alleges to have been committed in the notice of determination.  *  *  *
>
> (5) Clear and concise lettered statements of the facts on which the petitioner bases each assignment of error.

Petitioner challenged the existence and amount of the section 6700 penalty at his section 6330 hearing and now challenges it before us.  For the validity of the underlying tax liability to be properly at issue before us, petitioner must comply with Rule 331.  His pleading must contain a sufficient specificity of facts so that the Court can conduct a meaningful hearing to determine whether respondent can proceed with the collection of that liability.

Petitioner's averments make clear that he disagrees with the imposition of the section 6700 penalty.  However, other than claiming that the imposition was premature and excessive,

petitioner fails to specify the basis of his disagreement; i.e., he fails to explain why it is premature, why the investigation of the Oklahoma Housing Development Authority is relevant, or the basis for his claim that the section 6700 penalty is excessive. Furthermore, petitioner has failed to respond to respondent's motion for summary judgment. As we noted supra, Rule 121(d) provides that petitioner must set forth specific facts, by affidavits or otherwise, "showing that there is a genuine issue for trial."

In his motion for summary judgment, respondent states that Appeals Settlement Officer Penny reviewed petitioner's section 6700 file and found that the procedural requirements for assessing the section 6700 penalty were followed. Petitioner does not contradict this. We find that petitioner has failed to state grounds or to aver facts on which we could find that respondent erred in his determination. On that basis, respondent is entitled to summary disposition in his favor. See Poindexter v. Commissioner, 122 T.C. 280 (2004), affd 132 Fed. Appx. 919 (2d Cir. 2005).

During the section 6330 hearing, petitioner made an offer-in-compromise with respect to his liability for the section 6700 penalty as well as his potential liability for 2003, 2004, and 2005 income taxes. Petitioner's offer-in-compromise was rejected because of the IRS's ongoing audit for 2003, 2004, and 2005.

Petitioner did not contest the rejection of his offer-in-compromise in his petition, and he did not respond to respondent's motion for summary judgment. Accordingly, this issue is deemed conceded. See Rule 331(b)(4).

Petitioner also argued at his section 6330 hearing that the notice of Federal tax lien should be withdrawn because, petitioner asserted, it created a financial hardship. Respondent rejected this argument. Petitioner did not raise this issue in his petition, and he did not respond to respondent's motion for summary judgment. Therefore, pursuant to Rule 331(b)(4), this issue is deemed conceded.

To conclude, we sustain respondent's filing of the tax lien and respondent's intent to levy petitioner's property. Respondent is entitled to judgment as a matter of law.

To give effect to the foregoing,

<u>An order and decision will be entered for respondent</u>.