T.C. Memo. 2009-310

UNITED STATES TAX COURT

IVAN GALE CARNEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1318-07L.                Filed December 30, 2009.

Ivan Gale Carney, pro se.

<u>G. Chad Barton</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

THORNTON, <u>Judge</u>:  Pursuant to section 6330(d), petitioner seeks review of respondent's determination to proceed with a levy.  All section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

On June 21, 2006, respondent sent petitioner a final notice of intent to levy and of the right to a hearing (the notice) with respect to petitioner's unpaid employment tax liability as reported on Form 941, Employer's Quarterly Federal Tax Return, for the quarter ending March 31, 2003.  In response, petitioner timely submitted to respondent a Form 12153, Request for a Collection Due Process Hearing.  On the Form 12153 he stated, as the reasons he did not agree with the notice, that he was "unaware of these quarterlys", that he "want[ed] to review my papers on the 1040's", and that he was incarcerated and would not be able to respond until after August 24, 2006.

On November 7, 2006, the settlement officer sent a letter to petitioner at three separate addresses listed in respondent's records acknowledging receipt of the Form 12153 and scheduling a telephone conference for November 28, 2006.  Between November 17 and 20, 2006, the settlement officer received all three letters back from the U.S. Postal Service with notations that the letters were undeliverable.  After searching respondent's records and finding a new address for petitioner, on November 21, 2006, the settlement officer sent another letter to petitioner with the same hearing date.

By a faxed letter dated November 26, 2006, petitioner requested that the hearing be rescheduled because he did not

receive notice of the hearing until November 25, 2006, and needed more time to prepare. On November 28, 2006, the settlement officer spoke with petitioner by telephone and proposed rescheduling the hearing to December 15, 2006. Petitioner told the settlement officer that he would contact him the following day, November 29, 2006, to let him know whether December 15, 2006, was an acceptable date. The settlement officer advised petitioner that if he failed to call back, the appeal would be closed.

Petitioner did not call back. By notice of determination (the determination) dated December 13, 2006, and signed by Sue D. Cody, Appeals Team Manager, the Appeals Office sustained the proposed levy. Petitioner filed a timely petition in this Court to review the determination. As assignment of error, the petition states:

> The redetermination that I received was found to be totally in error. I am not in receipt of any document that establishes that I had taxable income for the year 2003. The letter I received from Sue D. Cody, agent for the Internal Revenue Service on December 13, 2006 for tax period ending 3/31/03 for tax debt was completely fabricated.

Petitioner refused to enter into stipulations for trial as required by Rule 91(a) and this Court's standing pretrial order.[1]

---

[1]Petitioner refused to stipulate, among other things, his place of residence and refused to affirm to the Court that he resided in Kansas when he filed his petition, although his petition shows a Kansas mailing address.

At trial he declined the opportunity to testify. He objected unsuccessfully to respondent's introduction into evidence of the administrative record. After trial petitioner submitted a brief reiterating his evidentiary objection, asserting that he had insufficient "taxable income for the years in question to warrant the filing of a tax return", and making various frivolous arguments.

## OPINION

Construed liberally, petitioner's assignments of error seek to challenge his underlying liability, as respondent concedes he is entitled to do under section 6330(c)(2)(B). The transcript of account, included in the administrative record, shows that respondent has assessed petitioner's unpaid employment tax liabilities that are the subject of respondent's collection action.[2] Petitioner has neither alleged nor shown facts that would suggest that these transcripts are in error and has not otherwise raised an issue before us regarding the underlying liability that we can properly adjudicate.[3] See Poindexter v. Commissioner, 122 T.C. 280, 285-286 (2004), affd. 132 Fed. Appx. 919 (2d Cir. 2005). Nor has petitioner raised any legitimate

---

[2]None of petitioner's objections cast doubt on the admissibility of the administrative record or the propriety of considering it for the purposes for which respondent offered it.

[3]Petitioner's assertions regarding his "taxable income" are immaterial to his employment tax liabilities that are the subject of this collection proceeding.

issue or alleged or shown facts to prove that the Appeals Office otherwise erred in making its determination. See Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded.").

Section 6673(a)(1) authorizes this Court to impose a penalty not in excess of $25,000 whenever it appears to the Court that proceedings have been instituted or maintained primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless. Respondent has not asked that we impose a section 6673 penalty. We strongly warn petitioner that he may be subject to a section 6673 penalty, even upon the Court's own motion, if he persists in maintaining proceedings in this Court primarily for delay or continues to press frivolous arguments.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.