DAVID K. WINTERROTH, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Winterroth v. Comm'r
Docket No. 4804-09L.
United States Tax Court
2011 U.S. Tax Ct. LEXIS 57; 2012-2 U.S. Tax Cas. (CCH) P50,447; May 13, 2011, Entered
*57 Petitioner, Pro se.
For Respondent: Fred Edward Green Jr., Las Vegas, NV.
Maurice B. Foley, Judge.
Maurice B. Foley
ORDER AND DECISION
This matter is before the Court on Respondent's Motion For Summary Judgment, filed October 30, 2009, and Petitioner's Objection to Motion For Summary Judgment, filed January 4, 2010.
On April 15, 2007, petitioner signed and submitted Form 1040, U.S. Individual Income Tax Return, relating to 2006 on which he claimed a refund of all income tax withheld in that year. Petitioner attached thereto seven pages of explanatory material, signed by petitioner, wherein he espouses copious reasons why he is not liable for income tax. His contentions revolve around his belief that only corporate profits, not wages, are subject to Federal income tax, that he did not earn any corporate profits, and that he is therefore not subject to any income tax. On receipt of petitioner's tax return, respondent issued Letter 3176 (1) notifying petitioner that his tax return was considered a frivolous submission subject to sanction pursuant to section 6702,[1] and (2) offering petitioner the opportunity to either correct or withdraw it within 30 days. Petitioner did not correct or withdraw *58 his 2006 tax return and respondent thereafter assessed a section 6702 frivolous submission penalty.
On March 14, 2008, respondent issued petitioner a Final Notice Of Intent To Levy And Notice Of Your Right To A Hearing with respect to the frivolous submission penalty relating to 2006. Petitioner timely submitted a Form 12153, Request For A Collection Due Process or Equivalent Hearing, in which he asserted that the Internal Revenue Service (IRS) "did not follow law - 44 U.S.C. 3501 - 3520 & implementing regulation 5 CFR 1320."
On November 3, 2008, an officer of the IRS Office of Appeals sent petitioner a letter advising him that the contentions raised in his hearing request were frivolous and that a face-to-face hearing would not be granted unless petitioner set forth, in writing, the non-frivolous issues he wanted to discuss at his hearing. On December 4, 2008, petitioner sent respondent's Appeals officer a letter declining a telephonic hearing. On January 22, 2009, respondent issued petitioner a Notice Of Determination Concerning *59 Collection Action(s) Under Section 6320 and/or 6330 sustaining respondent's proposed levy action for the frivolous return penalty relating to 2006. On March 2, 2009, petitioner filed the petition commencing this case.
On October 30, 2009, respondent filed the motion for summary judgment presently before the Court. By Order dated November 12, 2009, petitioner was directed to file an objection, if any, thereto. In his objection, petitioner relies on the same arguments raised in his tax return and in the petition.
Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).
Section 6330(d) provides for Tax Court review of the Commissioner's administrative determination made pursuant to section 6330.
Petitioner did not receive a notice of deficiency *60 or have a prior opportunity to challenge the frivolous return penalty, and thus is entitled to challenge the assessment. Callahan v. Commissioner, 130 T.C. 44, 49-50 (2008); Davis v. Commissioner, 115 T.C. 35, 39 (2000). Accordingly, we review the imposition of the frivolous return penalty de novo.
The IRS may impose a penalty for filing a frivolous tax return if three requirements are met: (1) The taxpayer files a purported tax return, (2) the purported return either does not contain information on which the substantial correctness of the self-assessment may be judged or contains information which on its face indicates that the self assessment is substantially incorrect, and (3) the conduct is either based on a position the secretary has identified as frivolous or reflects a desire to delay or impede the administration of Federal tax laws. Sec. 6702(a).
On petitioner's 2006 tax return, petitioner took the position that he had zero wage income, no taxable income, and no tax liability for that year. Petitioner, however, concedes that he received wages during 2006. In addition, the Form 1040 that petitioner submitted does not contain information on which the substantial correctness of *61 the self-assessment may be judged. See Fuller v. United States, 786 F.2d 1437 (9th Cir. 1986) (holding that taxpayer who refused to answer questions concerning the amount of tax due made a self-assessment no tax is owing, such return by the taxpayer did not contain information from which the substantial accuracy of such self-assessment may be judged for purposes of section 6702, and since the taxpayer's reasons for failing to do so were spurious, the penalty applied). Petitioner's assertions are based on positions the Commissioner has identified as frivolous pursuant to section 6702(c). Sec. 6702(a); Notice 2007-30, 2007-1 C.B. 883 (listing and specifying among various frivolous positions, a position that remuneration received for personal services are not taxable income). Accordingly, we conclude that petitioner is liable for the frivolous return penalty.
Petitioner contents that the Appeals officer was not impartial. Section 6330(b)(3) requires that the hearing be conducted by an IRS officer or employee who has had no prior involvement with respect to the unpaid tax at issue. Petitioner, however, concedes that the Appeals officer has had no prior involvement with respect to the 2006 *62 frivolous return penalty.
We also reject petitioner's contention that the Appeals officer failed to obtain verification from the Secretary that the requirements of all applicable laws and administrative procedures were met as required by section 6330(c)(1). The record includes Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, for the frivolous return penalty in issue. Such transcripts of account may be used to satisfy the verification requirements of section 6330(c)(1). Roberts v. Commissioner, 118 T.C. 365, 371 n.10 (2002), affd. 329 F.3d 1224 (11th Cir. 2003). The record shows that the Appeals officer obtained and reviewed computerized transcripts of account for petitioner's 2006 tax year. Federal tax assessments are formally recorded on a record of assessment. Sec. 6203.
Petitioner has not alleged any irregularity in the assessment procedure that would raise a question about the validity of the assessment or the information contained in the computerized transcripts of account. See Davis v. Commissioner, 115 T.C. 35, 41 (2000). Accordingly, we hold that the Appeals officer satisfied the verification requirement of section 6330(c)(1). Cf. Nicklaus v. Commissioner, 117 T.C. 117, 120-121 (2001).
Petitioner *63 has failed to make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded. Rule 331(b)(4). In the absence of a valid issue for review, we conclude that respondent is entitled to judgment as a matter of law sustaining the notice of determination on which this case is based.
Upon due consideration of the foregoing, it is
ORDERED that Respondent's Motion For Summary Judgment, filed October 30, 2009, is granted. It is further,
ORDERED AND DECIDED that respondent may proceed with the collection action as determined in the Notice of Determination relating to 2006.
/s/ Maurice B. Foley
Judge
ENTERED: MAY 13 2011
Footnotes
1. All section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩